OHLQUIST and another *v.* JOHN V. FARWELL & Co. and others.

(*Circuit Court, D. Iowa, N. D.* 1882.)

1. REMOVAL OF CAUSE—TRESPASS—CAUSE REMANDED.

Where an action of trespass was commenced in a state court against a sheriff for the wrongful seizure of goods of plaintiffs as the property of an attachment debtor, and the creditors of such debtor, citizens of another state, procured themselves to be substituted as defendants in the state court in place of said sheriff, and removed the cause to the United States circuit court ; *held,* on motion to remand, that the cause be remanded to the state court.

2. SAME—PLAINTIFF CANNOT BE DEPRIVED OF ALL REMEDY.

Where the real cause of action is between citizens of the same state, citizens of another state cannot, by procuring themselves to be substituted for the defendant, procure the removal of the cause into the federal court, and thereby deprive the plaintiffs of their remedy against the original defendant for a trespass committed by him.

Motion to remand.

On the nineteenth day of December, 1881, said John V. Farwell & Co., and other creditors, commenced actions against P. & N. Ohlquist by attachment in the district court of Linn county, Iowa. It is alleged and claimed by the plaintiffs in the present suit that the sheriff of Linn county did not levy the attachments upon the property of said P. & N. Ohlquist, but at the request of said Farwell & Co. and others said attachments were levied upon a stock of goods and merchandise belonging to and in the possession of N. A. Sunberg and F. B. Ohlquist; that said N. A. Sunberg and F. B. Ohlquist immediately served notice in writing upon said sheriff that they were the owners of said property, and demanded the same; that John V. Farwell & Co. and others having furnished the sheriff with a bond of indemnity, he refused to release the property. It appears that thereupon, on the twenty-ninth day of December, 1881, said N. A. Sunberg and F. B. Ohlquist commenced, in the district court of Linn county, actions of trespass against the sheriff, claiming damages for the seizure of said property; that at the March term of said court for the year 1882, B. F. Seaton, said sheriff, and said Farwell & Co., Becker, and Sherer, Sherk & Co., presented their petition to said court asking that said Farwell & Co., Becker, and Sherer, Sherk & Co. might be substituted in the place and stead of said sheriff as defendants in said action, and that said sheriff might be discharged; whereupon an order was made by said court discharging said sheriff and substituting said Farwell & Co., Becker, and Sherer & Co. as

defendants in said action. To this order the plaintiffs at the time excepted, and thereupon said Farwell & Co., Becker, and Sherer, Sherk & Co. filed their petition for removal of said cause to this court, which petition was granted and said cause was transferred accordingly, the plaintiffs excepting to the order of transfer. And now, at the April term of said circuit court of the United States, the plaintiffs move to remand said cause to the state court.

*J. B. Young* and *Welsh & Welsh,* for the motion.

*Herrick & Co., O. P. Shiras,* and *E. Keeler, contra.*

LOVE, D. J. Was this cause rightfully removed into this court? If it was, the legal results are certainly most extraordinary, not to say unjust.

The plaintiffs here sued the sheriff of Linn county, in trespass for—as they alleged—seizing the plaintiffs' property by a writ of attachment issued against other and different parties. If the plaintiffs' allegations be true, the sheriff dispossessed them of their property without any warrant of law whatever. Most certainly, if this was a wrongful seizure, the sheriff ought to respond to the plaintiffs for damages, and look for indemnity to the attaching creditors, at whose instance and in whose interest he made the seizure. Nothing, at all events, can be clearer, in point of law and in common justice, than that the plaintiffs ought to have a right to be heard somewhere—in some tribunal—against the sheriff in such a case. To deny them this common right would certainly be to inflict upon them a flagrant wrong. Now, if the plaintiffs' motion to remand be denied, he will be deprived of all right to assert his cause against the sheriff—a public ministerial officer, alleged to have committed a trespass upon the plaintiffs—in any tribunal whatever.

These defendants, who were the attaching creditors in the state court, intervened in the action against the sheriff, and obtained an order discharging the sheriff from that action and substituting themselves. To this order the plaintiff excepted; and surely, whether the action of the district court of Linn county was right or wrong, he had a right to be heard on his exceptions before the supreme court. And if, upon a hearing in the supreme court, the order of the court below had been reversed, the sheriff would have been retained as a party to the plaintiff's action, and the cause could not have been removed into this court, because the sheriff and the plaintiffs are both citizens of Iowa. But these defendants, having succeeded in getting the sheriff out of the case, and being themselves citizens of Illinois, immediately removed the cause into this court, upon the ground that the

sole continuing controversy was between themselves and the plaintiff, citizens of different states. The removal carried the whole case into the federal court, it being now well settled that the whole cause, and not any part of it, must be transferred by the removal. Nothing remained in the state court upon which it could act, and there was no cause there from which any appeal could be taken to the supreme court of the state. Thus the defendants, by their voluntary intervention and by the removal, deprived the plaintiffs of their action against the sheriff in the court below, and of their rights to a hearing upon their exceptions in the supreme court of the state.

The defendants have now got the plaintiffs into this court. What is the result? The sheriff is out of the case entirely, and the defendants have succeeded in depriving the plaintiffs of any hearing whatever against him in the district court of Linn county, in the state supreme court, and in this court. This court cannot hear the plaintiffs, to assert anything whatever against the sheriff, because the sheriff is not here. If he were here, his presence would oust the jurisdiction, and the court could do nothing but remand the cause to the state court. Thus, though the sheriff may, at the instance and request of the defendants, have committed a flagrant trespass against the plaintiffs, he goes entirely free, and the injured party has no redress whatever against him. The sheriff is personally within the jurisdiction; he may have property here; he is presumably a responsible man; he has, at all events, given bond, with approved sureties, for the indemnity of injured parties. The plaintiffs sought their remedy, as they had a clear right to do, against the sheriff, a public officer, who committed the alleged trespass. What is the result of the intervention and removal? The plaintiffs are driven to prosecute their suit in this court against non-resident parties, who may be insolvent, and whose property, if they have any, is, in all probability, beyond the jurisdiction and process of the court.

It is our judgment that it was not competent for the defendants to displace and supplant the original defendant and remove the cause, so as not only to deprive the plaintiffs of all remedy against him, but of a hearing of his cause in any court whatever.

The motion to remand is sustained.

McCRARY, C. J., concurs.