## Shirley v. Waco Tap R. Co. and others.

*(Circuit Court, N. D. Texas.* October 18, 1882.)

**1. Removal of Cause—Suit Pending—Application Too Late.**

In a suit pending at the time of the passage of the act of March 3, 1875, and thereafter tried in the state court, wherein judgment was rendered and the cause carried to the supreme court of the state, the application for removal by new parties defendant comes too late, unless the making of the new parties was in effect the institution of a new suit.

**2. Same—Trustees of Defunct Railroad as Parties—Texas Code.**

Under the provisions of the Revised Code of Texas, if a party holding a deed in trust of a railroad company sells out the road-bed, track, franchise, and chartered powers and privileges of such company, a suit pending against such company does not thereby abate, and subsequently making the directors of such defunct company parties to such suit is merely a continuance of the original suit, and the application of such directors to remove the cause into the circuit court, made after two trials and judgments, and two appeals, comes too late.

This cause was removed from the state courts by the defendants. Motion to remand made by the plaintiff.

*E. A. McKinney,* for plaintiff.

*Alexander & Winter,* for defendants.

PARDEE, C. J. This suit was instituted in the district court of McLennan county, of this state, in 1870, by the plaintiff against the Waco Tap Railroad Company for a breach of contract. Pending the various proceedings, including two trials and judgments, and two appeals to the supreme court of the state, the Houston & Texas Central Railroad Company, holding a deed in trust granted by the Waco Tap Railroad Company, sold the road out and became the purchaser, all of which resulted in making the Houston & Texas Central Railroad Company a party defendant to the original suit. After the last appeal, decided in 1880 and reported in 54 Tex. 125, resulting in a reversal of a judgment of the lower court and a remanding of the case, a consolidated and amended petition was filed, making John T. Flint and others, constituting the board of directors of the Waco Tap Railroad Company at the time of the sale in the proceedings under said trust deed, parties defendant, and asking against them as trustees for all the relief that the plaintiff could have demanded from the Waco Tap Railroad Company had it continued in existence. This last making of parties was done, and perhaps necessarily so, under the provisions of sections 4264 and 4265. Rev. Code of Texas, § 4264, provides that whenever a sale is made of the road-bed, track, franchise, and

v.13,no.13—45

chartered powers and privileges of a railroad company, as provided by the laws of Texas, (unless other persons are named by some court or the legislature,) the directors or managers of the sold-out company at the time of the sale shall be the trustees of the creditors to settle up the remaining business and affairs of the sold-out company, and as such trustees may sue and be sued, etc. Section 4265 reads:

"No suit pending for or against any railroad company at the time that the sale may be made of its road-bed, track, franchise, and chartered privileges shall abate, but the same shall be continued in the name of the trustees of the sold-out company."

Citation was issued against the said trustees, who thereupon appeared in the state court and filed petition, affidavit, and bond for the removal of the cause to this court, on the ground that the case involved a controversy between citizens of different states, the plaintiff being a citizen of the state of New York, and the defendants all citizens of the state of Texas. The transcript having been filed in this court, the plaintiff moves to remand the case on several grounds, only one of which, however, is it necessary to consider. It is objected that the petition for the removal came too late. The case was one pending or instituted at the time of the passage of the act of 1875, under which the removal was made. It was thereafter tried in the state court. Judgment was rendered; and the cause was carried by appeal to the supreme court of the state. The removal, therefore, came too late, unless the making of the trustees parties, so as to continue the suit in the name of the trustees under section 4265, was in effect the institution of a new suit against the defendant trustees so made parties. It can hardly be denied that the trustees made defendant could not have moved for the removal of the cause before they were made parties, and if they were entitled to remove the case they would have, after being cited, up to and during the term at which the case against them could be first tried (provided it was before the trial) within which to ask for the removal. So that if the defendant trustees had the right to remove the case at all, the removal was not too late, as it was applied for at the time of entering appearance.

The whole question, then, turns upon the force and effect of said section 4265 of the Texas Code. We are of the opinion that under said section and the preceding ones, in relation to the effect of a sale of the road-bed, track, etc., of a railroad, there was no abatement of the suit then pending against the Waco Tap Railroad Company by the sale made to the Houston & Texas Central Railroad Company,

and therefore there was no revivor even, when the defendant trustees were made parties, much less the beginning of another or new suit against any of the defendants. The language of the section 4265 expressly stipulates that there shall be no abatement of the pending suit; and, on principle and authority, if there had been an abatement and a revivor under the statute, no case being make against the trustees of the defunct corporation in *autre droit,* the new parties so made could not have removed the cause at the stage it had then reached. See *Clark* v. *Matthewson,* 12 Pet. 164. The new parties made in this case stand in the shoes of the defunct company they represent, and their citizenship is the same. The right to remove the case apparently existed for the defunct company on the grounds the trustees claim as making their right to remove the case. Had the defunct company desired to remove the case to this court, it should have taken the proper steps after the passage of the act of 1875, and before or at the term the cause was first ready to be tried in the state court. Not having taken the proper steps within that time, the right to remove was lost, and the company accepted the jurisdiction of the state court, beyond their power thereafter to decline it. The trustees made parties under section 4265, Rev. Code of Texas, have no other rights than the company had, and they are made parties to continue the old case without any abatement thereof, not to change the old case into the institution of a new suit.

The motion to remand is granted, and the proper order will be entered.

Judge McCORMICK concurs.