## GOODNOW *v.* DOLLIVER, Adm'r, etc.[1]

*(Circuit Court, N. D. Iowa, C. D. January, 1886.)*

REMOVAL OF CAUSE — TIME OF APPLICATION — CASE REMANDED BY SUPREME COURT OF STATE TO SUBSTITUTE ADMINISTRATOR AS PARTY.

    After a case has been appealed to the supreme court of a state, and, on suggestion of the death of plaintiff, before entry of decree in the lower court, remanded to that court to have the administrator substituted as party plaintiff, it is too late to remove the case to the federal court.

In Equity. Motion to remand.

*George Crane,* for complainant.

*Theo. Hawley,* for defendant.

SHIRAS, J. On the twenty-sixth of July, 1880, the complainant filed a bill in the circuit court of Webster county, Iowa, against Samuel H. Wolcott, wherein he averred that the Dubuque & Sioux City Railroad Company, in the belief that it was the owner of certain realty in Webster county, Iowa, had paid the state and county taxes assessed thereon; that the supreme court of the United States had subsequently decided that the land did not belong to the railroad company, but to the Iowa Homestead Company; that the defendant, Wolcott, had purchased the lands of the homestead company, and was the owner thereof, but had refused to repay the amount expended in payment of the taxes; that the railroad company had assigned to complainant all its rights and equities in the premises, and therefore complainant prayed a decree establishing the amount due him for the taxes thus paid, and for a lien therefor upon the land in question. To this bill, the defendant, Wolcott, filed an answer on the fourth day of June, 1881. A trial was had, and a decree ordered in favor of complainant, from which an appeal was taken to the supreme court of Iowa. Before the submission of the cause to the supreme court, it was ascertained that the defendant, Wolcott, had died before the entry of the decree in the lower court, and thereupon the supreme court remanded the case to the lower court, in order that the proper parties

---

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

might be substituted; and thereupon the plaintiff amended his petition, setting forth the death of said Wolcott, and asking that his widow and heirs should be made parties defendant, and on the eighteenth day of April, 1885, filed a further amendment making J. P. Dolliver, administrator of the estate of said Wolcott, a party defendant. The administrator appeared, and forthwith filed a petition for the removal of the cause into this court, averring that complainant, when the suit was brought, and then, was a citizen of the state of New York, and that the administrator, when the suit was commenced, and then, was a citizen of the state of Iowa, and that the amount involved exceeded $500. The state court granted the petition for removal, and the record having been filed in this court, the complainant moves to remand, on the ground that this court has not jurisdiction.

The record fails to show the citizenship of Samuel H. Wolcott during his life-time. If, when the suit was brought against him, he was a citizen of the same state as complainant, he could not then have removed the cause; nor, by a change of citizenship after the suit was brought, could he have acquired such right. *Gibson* v. *Bruce*, 108 U. S. 561; S. C. 2 Sup. Ct. Rep. 873. If, by reason of diverse citizenship when the suit was brought, he then had the right of removal, he had at the date of his death, lost the right of removal under the act of 1875, by not applying therefor within the time limited by that act. Consequently, if he had been living when the removal was petitioned for, he could not, under either aspect of the case, have procured the removal of the cause to this court.

Does the administrator stand in any different position? It will be noticed that the administrator is made a party as the representative of the deceased. He is the defendant to the same cause of action and to the same suit that the intestate was.

In *Cable* v. *Ellis*, 110 U. S. 389; S. C. 4 Sup. Ct. Rep. 85, it was held that if, during the pendency of an action, a third party obtained an interest in the subject-matter of the litigation by a transfer from one of the parties to the suit, and intervened therein, for the protection of his interest, at a time when the right of removal under the act of 1875 had been terminated in the original parties to the action by the lapse of time, such third party could not remove the cause. In *Houston & T. Ry. Co.* v. *Shirley*, 111 U. S. 358, S. C. 4 Sup. Ct. Rep. 472, the same rule was applied to a case wherein the trustees under a mortgage were substituted for the company as defendants; the court holding "that a substituted party comes into a suit subject to all the disabilities of him whose place he takes, so far as the right of removal is concerned." In *Clarke* v. *Mathewson*, 12 Pet. 164, it is held that a bill of revivor, filed by an administrator in an action, brought during the life-time of the intestate, "is in no just sense an original suit; but is a mere continuation of the original suit." In *Whyte* v. *Gibbes*, 20 How. 541, it is ruled that a bill of revivor filed by the administrator is merely the continuation of the original suit,

and that the jurisdiction of the federal court is to be determined by the citizenship of the original parties to the cause.

It being true, then, that at the date of the death of the defendant, Wolcott, he had not the right to remove the case under the act of 1875, and that the substitution of his administrator as defendant has the effect only of continuing the original suit, without introducing any new or different cause of action, it follows, under the doctrine announced in the cases cited, that he, as the substitute for and representative of the original defendant, comes into the case subject to the disabilities existing against the original defendant on the question of removal.

The motion to remand is therefore sustained, at the cost of the defendant.