## McCANN v. BENTLEY STORES CORPORATION.

### No. 584.

District Court, W. D. Missouri, W. D.

July 27, 1940.

Clif Langsdale, of Kansas City, Mo., for plaintiff.

Johnson, Garnett & Quinn, of Kansas City, Mo., for defendant.

OTIS, District Judge.

The question for decision is whether a case is removable from a state to the federal court which, when it was originally filed in the state court, was a controversy between citizens of the same state, but in which, on plaintiff's motion, a non-resident defendant is substituted for the original defendant, is brought in by summons, and at once petitions for removal. The question is presented by plaintiff's motion to remand.

The plaintiff filed her petition in the Jackson County, Missouri, Circuit Court October 23, 1936. The defendant named was Western Bentley Mercantile Company. The suit was for damages in the amount of $5,000 alleged to have been caused by defendant's wrongful attempts to collect a debt in the amount of $42.97, which, plaintiff alleges, she did not owe. On November 12, 1936, Western Bentley Mercantile Company filed answer. On April 2, 1940, plaintiff filed a motion, entitled "Motion to Substitute Party Defendant," setting up that on July 5, 1938, "the defendant corporation was duly dissolved and that the Bentley Stores Corporation took over the assets and assumed the liabilities, including the liability, if any, described in the petition." Plaintiff prayed an order substituting "the said Bentley Stores Corporation as defendant instead of the defendant Western Bentley Mercantile Company." Thereafter, on April 25, 1940, the judge of the state court made an order "that Bentley Stores Corporation be and it is hereby substituted as party defendant herein." On the same day plaintiff filed an amended petition wherein Bentley Stores Corporation was named as sole defendant and wherein, in addition to the allegations originally made against Western Bentley Mercantile Company, it was alleged that Bentley Stores

Corporation "on or about the 5th day of July, 1938, * * * assumed all * * * liabilities of Western Bentley Mercantile Company * * *." Bentley Stores Corporation was then brought in by summons and on May 13, 1940, filed its petition for removal.

1. Obviously if Bentley Stores Corporation originally had been named as sole defendant the case would have been removable. It is difficult to conceive of any good reason why, when Bentley Stores Corporation was forced into court by process as a "substitute" for a dissolved corporation and was, when it came in, the sole party defendant, it should not have precisely the same right of removal it would have had if originally brought in as sole party defendant. But plaintiff contends that the Court of Appeals for the Eighth Circuit has settled the question otherwise and cites Burnham et al. v. First National Bank, 53 F. 163, 165.

In the Burnham case an originally named defendant (a sheriff who had levied a writ of attachment) moved for the substitution for himself as defendant of others (at whose instance the writ had been executed) and such others voluntarily entered their appearance and were substituted as defendants. The Court of Appeals held that the case was not removable. "It is well settled," said the Court of Appeals, "that the diversity of citizenship between the litigants must exist at the time of the commencement of the action, as well as at the time when the application for removal is made. * * * when the suit was brought, the condition of adverse citizenship necessary to create the right of removal did not exist. The substitution of other parties for the original defendant did not change the character of the action in this particular. After the substitution had taken effect it was still true that when the action was commenced the parties thereto were citizens of the same state, and the essential element of diversity of citizenship at the time of the institution of the suit was still lacking."

■ It is elementary that every decision is to be interpreted in the light of the facts of the case decided. With that rule in mind, it is clear that the only principle which may be deduced from the Burnham case is that where a new party defendant voluntarily enters a case as a substitute for an original party defendant, the same cause of action continuing, the new party defendant can not challenge the jurisdiction of the court and cannot have the case removed on the theory that as between the plaintiff and him there is a diversity of citizenship. Certainly no such principle can be deduced from the Burnham case as that when a new party defendant is brought into a case by process and is thereafter the sole party defendant and when the cause of action stated against the new defendant is wholly different from that stated against the original defendant, the new defendant, even although diversity of citizenship exists between the plaintiff and him, cannot remove the case to the federal court.

In the Burnham case the Circuit Court of Appeals cited, in support of the conclusion reached, Cable v. Ellis, 110 U.S. 389, 4 S.Ct. 85, 28 L.Ed. 186, and Houston & T. C. Railway Company v. Shirley, 111 U.S. 358, 4 S.Ct. 472, 28 L.Ed. 475. But the Cable case held only that one who intervenes in a case, which before his intervention was not a removable case, cannot have it removed. "He [the intervener] took his place by intervention in the suit subject to all the disabilities that rested at the time on the party in whose stead he is to act. * * * and whatever would bar a removal of suit before he intervened will bar him afterwards, even though by his intervention he may have raised a separate controversy." [110 U.S. 389, 4 S.Ct. 90, 28 L.Ed. 186.]

In Houston & T. C. Railway Company v. Shirley the suit originally had been brought against a Texas corporation. After the commencement of the suit the corporation sold its assets. A Texas statute provided that in such a situation the directors of the sold-out company should be trustees for the creditors of the company. The trustees were brought in as defendants. One of them was a citizen of New York. The Supreme Court said [111 U.S. 358, 4 S.Ct. 473, 28 L.Ed. 475], "The proceeding to bring in the trustees of the sold-out company was not the commencement of a new suit, but the continuation of the old one. The trustees were nothing more than the legal representatives of the company that had been sold out, and took its place on the record as a party. The suit remained the same, but with the name of one of the defendants changed."

These decisions of the Supreme Court go no further than to hold (1) that one who intervenes in a case of which the

state court had jurisdiction cannot challenge that jurisdiction and (2) that where one is substituted for a defendant, the cause of action remaining the same, the substituted defendant cannot challenge the jurisdiction of the state court if that court had jurisdiction when the suit originally was filed.[1]

If we apply now to the situation here presented the rule announced in the Burnham case, as limited by the facts of that case, and the rules announced in the Supreme Court cases cited in the Burnham case, we have only to inquire first, whether Bentley Stores Corporation intervened or otherwise voluntarily entered the present case and, second, whether the cause of action stated against Bentley Stores Corporation is the same cause of action as that which was stated against Western Bentley Mercantile Company, the original defendant. But these questions are easily answered. (1) Bentley Stores Corporation did not intervene or voluntarily enter the litigation. It was brought in by summons. (2) The cause of action stated against Bentley Stores Corporation is not the cause of action stated against Western Bentley Mercantile Company. The Mercantile Company was sued for an alleged wrong directly inflicted by it upon the plaintiff. The Stores Corporation is sued upon an alleged assumption of all of the liabilities of the Mercantile Company. One of these causes of action is ex delictu, the other is ex contractu. It follows that neither the law of the Burnham case nor the law of the Supreme Court cases cited in the Burnham case has any application to the situation presented here.

This case is removable because it comes within the express terms of the statute governing removal of causes. Title 28, Section 71, U.S.C., 28 U.S.C.A. § 71. It is, a "suit of a civil nature, at law * * * of which the district courts of the United States are given * * * jurisdiction" (by Section 41, Title 28, U.S.C., 28 U.S. C.A. § 41, "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and * * * is between citizens of different States").

2. The fact is that in no true sense is Bentley Stores Corporation a substitute defendant for Western Bentley Mercantile Company. A substitute defendant is one who takes the place of another in the same suit or controversy, not one who is sued upon an entirely different cause of action.

The motion to remand is overruled. So ordered.

---

[1] Certain other cases have been cited by plaintiff's counsel as follows: Jefferson v. Driver, 117 U.S. 272, 6 S.Ct. 729, 29 L.Ed. 897; Ohlquist v. Farwell, C.C., 13 F. 305; Shirley v. Waco Tap R. Co., C.C., 13 F. 705; Goodnow v. Dolliver, C.C., 26 F. 469; Richmond & D. R. Co. v. Findley, C.C., 32 F. 641; Nash v. McNamara, C.C., 145 F. 541.

Only the first of these cases is by an appellate tribunal. None of them is in point.

In the Jefferson case the cause of action against the new non-resident defendant was not different from the original cause of action. The court said [117 U. S. 272, 6 S.Ct. 730, 29 L.Ed. 897]: "He was brought into the suit as a purchaser pendente lite, and the relief asked against him is only an incident to the original controversy. The proceeding is merely ancillary to the suit pending when he bought the property in dispute, and under which he got possession. * * * By purchasing pendente lite he connected himself with the suit, subject to the disabilities of the other parties in respect to a removal at the time he came in."

In the Ohlquist case the new non-resident defendant intervened in a pending action.

In the Shirley case the new non-resident defendant (a trustee for a defunct corporation) was a substitute defendant in the same cause of action, not a different cause of action.

In the Goodnow case, where the new non-resident defendant, being administrator for a deceased party, was substituted for that party, the court said [26 F. 470]: "He is the defendant to the same cause of action and to the same suit that the intestate was."

In the Richmond case the new non-resident defendant acquired by lease property against which an action of ejectment was pending. The court said that prosecution of the ejectment against the lessee was not the prosecution of a new suit.

In the Nash case it was held that the new non-resident defendant should be aligned with the plaintiff and that a plaintiff had no right of removal.

Other cases cited have no applicability.