

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| **LONDA L. SOFIA, et al.,** | ) | *Opinion issued June 16, 2020* |
| | ) | |
| **Appellants,** | ) | |
| | ) | |
| **v.** | ) | **No. SC97854** |
| | ) | |
| **ROBERT W. DODSON, M.D., et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

### Appeal from the Circuit Court of Jasper County
### The Honorable David B. Mouton, Judge

The plaintiffs in this wrongful death action appeal the circuit court's summary judgment in favor of Mercy Hospital Joplin due to the expiration of the statute of limitations. They concede the statute of limitations had run prior to filing their current claim against Mercy Hospital but nonetheless argue they were entitled to the benefit of the one-year savings statute that applies to nonsuits because they had taken a nonsuit against Mercy Hospital less than one year before filing their present petition.

The circuit court properly dismissed Mercy Hospital. A nonsuit is the termination of a particular suit or cause of action. The plaintiffs did not suffer a nonsuit against Mercy Hospital. Rather, with the court's permission, they substituted Mercy Clinic Joplin, LLC, in place of Mercy Hospital under Rule 55.33(c). They did so – and the

circuit court allowed them to do so even though the limitations period already had expired – because they erroneously had identified Mercy *Hospital* as the defendant doctor's employer and just had discovered Mercy *Clinic* was the doctor's actual employer. The substitution of Mercy Clinic in place of Mercy Hospital, however, did not terminate the particular suit or cause of action. Indeed, the action continued against Mercy Clinic; the plaintiffs' first amended petition was substantively identical to their original petition but for the substitution.

The plaintiffs chose substitution under Rule 55.33(c) because they were not permitted to add party defendants once the limitations period expired. They cannot get around that limitation now by seeking to add Mercy Hospital to the suit in a second amended petition. The circuit court's judgment in favor of Mercy Hospital is affirmed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not in dispute. Gladys Walker died April 10, 2011, four days after undergoing a gallbladder removal surgery performed by Dr. Robert W. Dodson at Mercy Hospital. Londa L. Sofia, Gayla Woodcock, and Robin Frazier ("the plaintiffs") are Ms. Walker's daughters. On March 1, 2013, the plaintiffs timely filed their wrongful death action under section 537.080.1(1),[1] naming only Mercy Hospital and Dr. Dodson as defendants. The original petition incorrectly stated Dr. Dodson was the agent and employee of Mercy Hospital.

Close to two years after the three-year statute of limitations expired on April 10,

---

[1] All statutory citations are to RSMo 2000 unless otherwise noted.

2

2014,[2] the plaintiffs realized through review of discovery responses that Mercy *Clinic*, not Mercy *Hospital*, employed Dr. Dodson and, in July 2016, filed a motion for leave to amend their petition under Rule 55.33(c) to substitute Mercy Clinic "in place and instead of" Mercy Hospital. Plaintiffs stated that, "but for the mistaken name of the Mercy entity that employed Defendant Dodson, the action would have been brought against Mercy Clinic" and, further, that "[t]he purpose of amending the petition is to substitute the correct name of the Mercy entity employing Defendant Dodson so that substantial justice can be done."

The circuit court sustained the plaintiffs' motion, and the amended petition naming Mercy *Clinic* and Dr. Dodson was filed on July 11, 2014. As the motion for substitution had stated would be the case, the amended petition simply substituted the name of Mercy Clinic for the name of Mercy Hospital but was otherwise substantively identical to the original petition. Despite having substituted Mercy Clinic for Mercy Hospital so that Mercy Hospital was replaced and no longer in the case, three days later, plaintiffs filed a motion purporting to dismiss their cause of action against Mercy Hospital voluntarily, without prejudice. Mercy Hospital, of course, by then was no longer in the case, a new petition already having been filed substituting Mercy Clinic in its place.

Two months later, in September 2016, Mercy Clinic filed a motion to dismiss, claiming the action against it was time-barred because it was filed after the three-year

---

[2] *§ 537.100* (providing a three-year statute of limitations for wrongful death actions); *Boland v. Saint Luke's Health Sys., Inc., 471 S.W.3d 703, 710 (Mo. banc 2015)* (holding a wrongful death action accrues at death).

3

limitations period expired. The plaintiffs opposed the motion, noting Mercy Clinic simply had been substituted for Mercy Hospital under Rule 55.33(c) due to a mistake in the identity of Dr. Dodson's employer; therefore, the action was not time-barred because an amendment substituting a party defendant will relate back under Rule 55.33(c):

> It is clear from the allegations of Paragraphs 26 and 28 of the original Petition that Plaintiffs intended to bring an action against Dr. Dodson's employer, and but for the mistaken belief that the correct Mercy entity that employed Dr. Dodson was Mercy Hospital [], would have brought the action against Mercy Clinic.

The plaintiffs further stated, "There is no prejudice to Mercy Clinic [] in that Dr. Dodson, the employee who is alleged to have bene [sic] negligent, has been represented at all stages of this case and his interests in defending the action are aligned with Mercy Clinic." The circuit court overruled the motion to dismiss, and the case proceeded against Mercy Clinic and Dr. Dodson.

In November 2016, four months after they were permitted to substitute Mercy Clinic for Mercy Hospital, the plaintiffs sought leave for a second time to amend their petition under Rule 55.33(c). This time, however, they did not seek to substitute a party based on a mistake in identity; rather, they moved "for leave to amend their Amended Petition in Damages pursuant to Missouri Rules of Civil Procedure, Rule 55.33(c), and add party Defendant Mercy Hospital." The plaintiffs thereby sought to *add* Mercy Hospital even though they previously had replaced it with Mercy Clinic based on their mistake regarding "the correct Mercy entity that employed Dr. Dodson."

The circuit court allowed the untimely addition of Mercy Hospital, and the second amended petition naming as defendants Dr. Dodson, Mercy Clinic, *and* Mercy Hospital

4

was filed in January 2017.  Mercy Hospital subsequently moved for summary judgment, arguing the action against it was time-barred because it was added to the suit long after the statute of limitations had expired.  The circuit court agreed and entered judgment in favor of Mercy Hospital.  It certified the judgment as final under Rule 74.01(b), expressly finding no just reason for delay.[3]  The plaintiffs appealed.  After opinion by the court of appeals, this Court granted transfer.  *Mo. Const. art. V, § 10.*

## II.  STANDARD OF REVIEW

This Court's review of summary judgment is essentially *de novo*.  *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993)*.  "[T]he Court will review the record in the light most favorable to the party against whom judgment was entered … and accord the non-movant the benefit of all reasonable inferences from the record."  *Id.* (internal citation omitted).  The criteria on appeal for testing the propriety of summary judgment are the same as those the circuit court employs to determine the propriety of sustaining the motion initially.  *Id.*  Summary judgment is proper when "the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law."  *Id.*; *Rule*

---

[3] A judgment may be final even when, as here, it does not resolve all claims by and against all parties if it disposes of a "judicial unit" of claims and is certified for appeal under Rule 74.01(b).  *Wilson v. City of St. Louis, No. SC97544, 2020 WL 203137, *1, *4 (Mo. banc Jan. 14, 2020)*.  A judgment disposes of a judicial unit of claims by either (1) resolving all claims by or against one of multiple parties or (2) resolving one or more claims distinct from claims left pending.  *Id. at *6*.  Here, although the resolved claims are factually intertwined with the pending claims against Dr. Dodson and Mercy Clinic, the judgment was eligible for certification under Rule 74.01(b) because it resolved all claims in the lawsuit against Mercy Hospital.  *See id. at *4*.

*74.04.*

"Statutory interpretation is an issue of law this Court reviews de novo." *State v. Johnson, 524 S.W.3d 505, 510 (Mo. banc 2017)*. Likewise, when the relevant facts are not in dispute, whether a statute of limitations applies to bar an action is an issue of law this Court reviews *de novo*. *Powel v. Chaminade Coll. Preparatory, Inc., 197 S.W.3d 576, 585 (Mo. banc 2006)*.

## III.    *SUBSTITUTION UNDER RULE 55.33(c) IS NOT A NONSUIT*

 Whether the plaintiffs' wrongful death suit is time-barred is governed by section 537.100.   That section establishes a three-year statute of limitations and additionally provides, in relevant part, that if a wrongful death action:

> shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit … such plaintiff may commence a new action from time to time within one year after such nonsuit suffered[.]

*§ 537.100.*

It is well-settled that "the saving[s] statute does not 'save' actions that are time-barred.  Instead, the saving[s] statute provides a one-year grace period for actions that are [1] timely filed and [2] suffer a nonsuit." *McMillan v. Pilot Travel Ctrs., LLC, 515 S.W.3d 699, 705 (Mo. App. 2016)* (emphasis omitted).  It permits a plaintiff "to commence a new wrongful death action within one year after a nonsuit." *State ex rel. Goldsworthy v. Kanatzar, 543 S.W.3d 582, 585 (Mo. banc 2018)*.

The single issue before the Court on appeal is whether the plaintiffs took a nonsuit, entitling them to the benefit of the one-year savings provision.  They agree that,

four months prior to their November 2016 attempt to add Mercy Hospital as a party, they filed a motion to substitute Mercy Clinic in place of Mercy Hospital as a defendant pursuant to Rule 55.33(c). That rule provides:

> **Relation Back of Amendments**. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted* relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, *but for a mistake concerning the identity of the proper party, the action would have been brought against the party*.

(Emphasis added). The circuit court granted leave. The plaintiffs then filed a first amended petition in which they substituted Mercy Clinic for Mercy Hospital. At the plaintiffs' insistence, although the action and the claims remained identical, at that point Mercy Hospital was no longer a party to the action, and any further order of the circuit court was unnecessary.[4] Then, four months later, the plaintiffs sought to file a second amended petition adding Mercy Hospital as a party. Their right to do so depends on whether their prior substitution of Mercy Clinic as a party under Rule 55.33(c) is a form of nonsuit.

The taking of a nonsuit "is a final termination of the particular suit," *Rainwater v.*

7

*Wallace, 174 S.W.2d 835, 838 (Mo. 1943)*, or "action." *Cady v. Harlan, 442 S.W.2d 517, 519 (Mo. 1969)*. A nonsuit "means any judgment or discontinuance or dismissal whereby the merits are left untouched. In other words, a nonsuit occurs *when a court order terminates a cause of action without prejudice.*" *Kanatzar, 543 S.W.3d at 585 n.3* (emphasis added) (internal citations and quotations omitted) (discussing a nonsuit suffered when a cause of action was dismissed for failure to file required affidavits).

While the plaintiffs argue the substitution of a party constitutes a termination of a suit or cause of action against that party, this Court long ago in *Lilly v. Tobbein, 15 S.W. 618, 620 (Mo. 1891)*, specifically distinguished substitution of a party from termination of an action or the bringing of a new action or claim. In *Lilly,* the plaintiff sought to substitute another, proper party as the plaintiff. *Id.* This Court permitted the substitution, explaining that such "amendments may be allowed, *rather than drive a party to a non-suit*, for the very purpose of saving *the* cause from the statute of limitations." *Id.* (emphasis added).

As was the case in *Lilly*, under the current Rule 55.33(c), a substitution is permitted to relate back because the action is not "so changed by the amendment that it is a different cause of action than the one timely filed." *Bailey v. Innovative Mgmt. & Inv., Inc., 890 S.W.2d 648, 650-51 (Mo. banc 1994)*; *Lilly, 15 S.W. at 621* ("[T]here is a vast

---

[4] The plaintiffs claim they took a nonsuit when they voluntarily dismissed the action against Mercy Hospital in July 2016. But their purported voluntary dismissal of Mercy Hospital was a legal nullity and without effect as Mercy Hospital had already been substituted out of the action three days earlier when the plaintiffs filed their amended petition substituting Mercy Clinic for Mercy Hospital.

difference between substituting a competent for an incompetent plaintiff, and bringing in a new defendant.").

The distinction between substituting a party under Rule 55.33(c) and either adding a party or claim or dismissing a party (thereby adding or terminating a cause of action) follows from the fact that Rule 55.33(c) does not permit a party to be added after the statute of limitations has run, nor does it permit one party to be changed for another after the statute of limitations has run simply because the plaintiff thereafter wishes to have sued a different party.  Rather:

> [F]or the Rule to apply, plaintiff must have made a mistake in selecting the proper party to sue, *i.e.*, plaintiff must have brought an action against the wrong party. [Plaintiff] states that defendant was inadvertently omitted from the original petition which constitutes a mistake allowing the amendment to relate back to the original pleading. But Rule 55.33(c) is a remedy for a mistake in *identity*, and the remedy is a *change* in party. Plaintiff here made no mistake in identity nor does he argue any such mistake. Moreover, he does not seek to *change* parties; he seeks to add one.

*Windscheffel v. Benoit, 646 S.W.2d 354, 357 (Mo. banc 1983)*; *see also Shroyer v. McCarthy, 769 S.W.2d 156, 159 (Mo. App. 1989)* (finding Rule 55.33(c) inapplicable because the appellant "attempted to add a second party, rather than change an existing party to correct a mistake in its identity").  Neither does the rule "authorize an amendment which states an entirely new claim."  *Caldwell v. Lester E. Cox Med. Ctrs.-S., Inc., 943 S.W.2d 5, 8 (Mo. App. 1997)*.  Rule 55.33(c) solely permits correction of a mistake as to the identity of a proper defendant.  It is precisely because such a mistake does not create a new action that substitution is allowed.

A similar distinction is drawn in Rule 52.06 regarding adding new plaintiffs.  *See*

9

*Union Ctr. Redevelopment Corp. v. Leslie, 733 S.W.2d 6, 8 (Mo. App. 1987)* (finding a new plaintiff may not be added after statute of limitations has run but a proper plaintiff may be substituted for an improper one because "[t]he law in Missouri for nearly a century is a new action is not commenced by substituting the party having the legal right to sue instead of another party improperly named"); *see also Lilly, 15 S.W. at 621*. A substitution is not a termination of the suit and so is not a nonsuit – rather, it is a way to allow a particular suit to continue with a proper plaintiff or defendant.

Federal courts, likewise, recognize: "A substitute defendant is one who takes the place of another in the same suit or controversy, not one who is sued upon an entirely different cause of action." *McCann v. Bentley Stores Corp., 34 F. Supp. 231, 233 (W.D. Mo. 1940)*. The United States Supreme Court in *Houston & T.C. Railway Co. v. Shirley, 111 U.S. 358, 360 (1884)*, similarly has stated that substitute defendants are parties to the initial cause of action and not a new cause. The plaintiff in *Houston* sued a company that later was sold; the plaintiff amended his pleadings to substitute the sold-out company's trustees as defendants. *Id. at 359*. The Supreme Court said:

> The proceeding to bring in the trustees of the sold-out company was not the commencement of a new suit, but the continuation of the old one. The trustees were nothing more than the legal representatives of the company that had been sold out, and took its place on the record as a party. The suit remained the same, but with the name of one of the parties changed.

*Id. at 360*.

Though the facts may differ, the same basic principle is at play in this case as was in *Houston*, *McCann*, and *Lilly* – the proper substitution of a party is not the commencement of a new suit but a continuation of the old one. Indeed, this principle is

10

at the heart of Rule 55.33(c) upon which the plaintiffs relied to assert their claims against Mercy Clinic after the statute of limitations had expired. Under Rule 55.33(c), Mercy Clinic *replaced* Mercy Hospital *in the same cause of action*.

Said differently, the action against the initially named Mercy Hospital was *not* dismissed or terminated; it proceeded, just against the proper defendant, which was substituted for the incorrectly sued Mercy Hospital. Indeed, that the plaintiffs mistakenly thought Mercy Hospital was Dr. Dodson's employer is the only reason they were permitted to sue Mercy Clinic, Dr. Dodson's actual employer. They could not add Mercy Clinic as a defendant because the statute of limitations had run. But they could substitute it as a defendant as the statute of limitations does not prohibit substitutions in the case of mistaken identity. Nonetheless, the plaintiffs cannot get around the passage of the statute of limitations by adding Mercy Hospital back in once Mercy Clinic was substituted for it. That would allow them to bypass the prohibition against adding a new party after the statute of limitations has run. The savings statute applies only to nonsuits, not to such substitutions.

The plaintiffs could have kept Mercy Hospital as a defendant in the action or could have substituted Mercy Clinic for it. They could not sue both by adding one after the statute of limitations had run. They may not, therefore, proceed with the action against Mercy Hospital filed outside the statute of limitations.[5]

---

[5] The Court notes another possible flaw in plaintiffs' second amended petition. While plaintiffs say it does not add in any new claim but simply seeks to reassert part of its original claim against Mercy Hospital for the conduct of its nurses, the second amended

11

## IV. CONCLUSION

The plaintiffs' substitution of Mercy Clinic in place of Mercy Hospital was not a nonsuit entitling them to the benefit of the one-year savings provision. Because the savings statute does not apply, and because the action against Mercy Hospital was filed after the three-year statute of limitations expired, it is time-barred. The circuit court's judgment is affirmed.

_____
**LAURA DENVIR STITH, JUDGE**

All concur.

---

petition actually expands the scope of the claims considerably as compared to the original petition by asserting negligence by the nursing staff in failing "to contact Dr. Dodson or other physicians to inform him about decedent's condition prior to discharge." If this were determined to constitute a new cause of action, then the savings statute would not apply in any case. *See Molder v. Trammell Crow Servs., Inc., 309 S.W.3d 837, 841 (Mo. App. 2010)*; *Centerre Bank of Kan. City, Nat'l Ass'n v. Angle, 976 S.W.2d 608, 616 (Mo. App. 1998)* ("For a second action to come within the savings statute, it thus must embody the issues set forth in the original action," meaning "[t]he subject-matter must be the same.").