**PAUL E. HAWKINSON CO. v. GOODMAN (BARNES & FISHER MFG. CO., Intervenor).**

No. 1019–J.

District Court, S. D. California, Central Division.

Feb. 21, 1940.

Merchant & Merchant, of Minneapolis, Minn., and A. Donham Owen, of San Francisco, Cal., for plaintiff.

Townsend & Hackley, of San Francisco, Cal., for defendant and defendant intervenor.

JAMES, District Judge.

This case involves claimed infringement of patent rights relating to the retreading of rubber tires used on automobiles of all kinds, including trucks. Claims 6 and 8 of patent No. 1,917,261 (method), and Claims 1 and 3 of patent No. 2,034,618 (apparatus), are involved. The trial of the cause occupied about three weeks' time. It is not my

purpose to do more than to state with as much brevity as possible my conclusions without reviewing in any detail the evidence.

■ Briefly, plaintiff, in his patent No. 1,917,261, claims to have discovered an improved method by which to affix new rubber to the worn tread of tires. With appropriate apparatus he applies the new rubber to the tread which contacts the road surface, restraining the soft rubber from spreading to any part of the side walls of the tire when under heat applied through the mold. The advantage of this, as claimed, over old methods, is that the side walls, being comparatively thin, would otherwise be damaged because the heat applied to the thicker tread material is considerable. The patentee claims under Claim 6 of patent No. 1,917,261 that this method of applying the retread only to the road-bearing tread was original with him; that older methods involved a taking away of the old rubber before a new tread was applied and extending the retread down the sides. I do not believe that the last feature—using of old rubber—worn down as it would naturally be—would by itself constitute patentable discovery, as that would be a matter which experienced retreaders would know; their judgment would be regulated by the condition of the old rubber tread. It is not claimed that it was not known that new rubber could be feasibly affixed to old. Apparatus appropriate to the carrying out of the method or process is described. The Circuit Court of Appeals for the Eighth Circuit, in Gamble-Skogmo, Inc., et al. v. Paul E. Hawkinson Co. et al., 98 F.2d 37, considered fully Claim 6 of Patent No. 1,917,261, and held that the invention was anticipated by Jones No. 1,467,-761, Mundale No. 1,379,203, Ruark No. 1,-608,816, and by Burdette No. 1,746,763. A full description of plaintiff's method as described in Claim 6 is given in that decision and I cannot improve upon it here, hence refer to the case cited for the particulars. Plaintiff asserts that the references given in the Eighth Circuit case are not in point, particularly that no process is illustrated which saves the side walls of the tires undergoing repair from being overheated. The references, to my mind, do show that the heat was intended to be applied to the tread portions of the tires only—hence would not damage the side walls. The decision of the Eighth Circuit seems to fully cover this case as to Claim 6, and is accepted as good authority sustaining judgment for the defendants as to that claim.

Claim 8 reads as follows: "The method of treading tire casings, which comprises applying tread material to the crown of the casing, in deforming the casing throughout its circumference so that the crown portion of the carcass and the applied crown tread material are in a cross-sectionally substantially flat condition, and in curing the newly applied tread material to the crown of the casing while the casing is in the circumferentially deformed condition."

This claim contains an added feature which is obtained by using a retreading matrix which has an inside diameter definitely less than that of the outside circumference line of the tire, so that when the tire is released from the retreading ring the rubber tread will be somewhat stretched and flattened and is less likely to produce as great "traction wave" under load, and so add to the life of the tire. In the description of his invention, as contained in the patent, Hawkinson states: "Our attention is called to the fact that treads applied to casings which are in a circumferentially contracted cross-sectionally flattened condition, will stretch and be maintained under tension when the casing is returned to a normal condition, and that this tendency of the tread to return to a cross-sectionally flattened, circumferentially contracted condition renders the casing more easily flexed as it rolls over a road, and therefore reduces road resistance to a minimum." Claim 8 (above quoted) provides that the new tread material is applied "to the crown of the casing while the casing is in a circumferentially deformed condition."

■ Martin M. Fisher, whose retreading method is in use by defendants, recognized the advantages of circumferential compression of the tire while the new rubber is being affixed to the tread. Two patents of his, No. 2,030,861 and No. 2,110,-293, were introduced for the purpose of illustrating that method and are considered for that purpose only. Fisher did not compress the circumference of the tire materially in his method as first devised, but such action was made a particular feature of the improvement worked under his second and amended method, and its advantages were emphasized. In the carrying out of the Hawkinson method, in order to compress the circumference of the tire, a continuous matrix ring is used, the inner circumference of which is smaller than the

circumference of the tire being retreaded, and the tire is first spread so that it will enter the ring. Defendants, to secure the same effect, apply a hinged matrix ring and force it into closed position around the tire. I believe that this method must be considered as the equivalent of plaintiff's, notwithstanding defendants' counsel argue strenuously against that conclusion. The Court of Appeals will have to finally settle that question. Doubtless it will be decided before this case is presented to it, as the District Court in the Northern District of California in the case of the Hawkinson Company v. Thompson Tire Company et al.,[1] on November 24, 1939, made its conclusions differing from what I now decide in the case at hand.

■ As to the apparatus patent No. 2,034,618, Claims 1 and 3, plaintiff's counsel states, "Hawkinson's purpose in his apparatus was to provide means engageable with the mold for positively holding it against lateral shifting movement in respect to the pressure plates * * *. The main objective set out in the patent is to preserve the relationship between the mold and the pressure plates and thereby preserve proper alignment of the new tread."

In my opinion, the device used in connection with side pressure plates similar to those considered in Goodman v. Super Mold Corporation, 103 F.2d 474, decided by the Circuit Court of Appeals for the Ninth Circuit March 23, 1939, rehearing denied January 24, 1940, 109 F.2d 442, shows no novelty; that it is such as any person experienced in the art involved might devise as an adjunct to the side plate arrangement.

■ Findings and judgment will be prepared by plaintiff's counsel, and served upon defendants' counsel. The latter within ten days after receiving same may submit amendments or requested findings. Thereupon the court will settle the findings and sign the judgment. The motion of the parties to strike defendants' patents as first introduced by plaintiff will be denied, as those patents are considered for the limited purpose of illustrating features admittedly used by defendants. The judgment will carry costs to plaintiff.

■ Plaintiff in its complaint first alleged infringement of claims of a third patent, No. 1,917,262. It moved to dismiss this patent from the suit with prejudice at the opening of the trial. Defendants insisted that terms be imposed. The motion was submitted. It should be allowed of course, with prejudice; also costs that may have been incurred, if any, by defendants for service fees of process, and attendance fees of witnesses, provided such costs were incurred by defendants referable only to the cause of action dismissed. It is so ordered. Rule 41(2), U.S.Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

---

[1] No opinion for publication.