## McCANN v. BENTLEY STORES CORPORATION.

### No. 584.

District Court, W. D. Missouri, W. D.
Aug. 1, 1940.

Clif Langsdale, of Kansas City, Mo., for plaintiff.

Johnson, Garnett & Quinn, of Kansas City, Mo., for defendants.

OTIS, District Judge.

The question for decision is whether plaintiff shall be permitted to dismiss this action without prejudice, and, if so, upon what terms and conditions.

The action was filed in the state court October 23, 1936. It was removed to this court May 13, 1940. The defendant filed answer here June 14, 1940. A motion to remand was filed June 26, 1940, argued July 26, 1940, overruled July 27, 1940, by a written opinion and order. 34 F.Supp. 231. Thereafter, on July 31, 1940, plaintiff moved to dismiss without prejudice. Defendant opposed the motion unless plaintiff be required, as a condition of the dismissal without prejudice, to reimburse defendant in the amount of the expense to which it has been put.

Upon the statement of counsel and upon facts of which judicial notice is taken, I find that the defendant, by reason of the institution of this action, has incurred an expense of and has expended or will expend the amount of $50 (costs of removing the cause and of compensating counsel for services rendered to date).

Rule 41(a), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, provides in paragraph (1) for a dismissal without prejudice, after answer, upon stipulation. Paragraph (2) provides: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

I consider that paragraph (2) of Rule 41(a) is one of the most valuable improvements over the old law accomplished by the new rules. Before the effective date of that rule it not infrequently happened (it was permissible under Missouri laws) that in a case either removed or originally brought here, which had come to issue, perhaps after disposition of preliminary motions, which had gone to trial, in the trial of which plaintiff had introduced all his testimony, for the trial of which defendant had called witnesses from great distances and incurred great expense, the plaintiff would dismiss, just at the moment the court was about to direct a verdict for defendant. The next day he might bring the same suit again. And the process might be repeated time after time. It was an outrageous imposition not only on the defendant but also on the court. Rule 41 has done much to put an end to that evil.

The evil aimed at by the Rule most largely is manifested in the extreme situation described. To a lesser extent it is present in any instance in which a defendant is damaged by being dragged into court and put to expense with no chance whatever (if there is a dismissal without prejudice) of having the suit determined in his favor. The dismissal without prejudice means the defendant has been put to expense literally for nothing.

When the Supreme Court promulgated this rule and provided that the court might permit a dismissal without prejudice "upon such terms and conditions as the court deems proper" what sort of "terms and conditions" was contemplated? I have found nothing in the books upon which to base an answer, but no "terms and conditions" are conceivable except such as are calculated to compensate the defendant for the expense to which he has been put. In the only published opinion dealing with Paragraph (2) of Rule 41(a) that is the view taken by the court. Paul E. Hawkinson Co. v. Goodman, D.C., 32 F.Supp. 732.

The motion to dismiss without prejudice in this case should be sustained only if the defendant is reimbursed its expenses.