WELTER v. E. I. DU PONT DE NEMOURS & CO., Inc., et al.

Civil No. 36.

District Court, D. Minnesota, Second Division.

Feb. 6, 1941.

Moonan & Moonan, of Waseca, Minn., for plaintiff.

Kingman, Cross, Morley, Cant & Taylor, of Minneapolis, Minn., for defendants.

NORDBYE, District Judge.

This action was brought in the state court in November, 1939, and removed to this court on the grounds of diversity of citizenship. It involves a suit for damage growing out of personal injuries sustained by the alleged premature explosion of a dynamite cap. A motion to remand was denied on the ground of a fraudulent joinder of a resident defendant, in that plaintiff had no reasonable grounds for believing that joint liability existed. Defendants moved to make the complaint more definite and certain. The court, while recognizing that the allegations of the complaint did not allege with sufficient definiteness the grounds of negligence, nevertheless denied

the motion because plaintiff relied on the doctrine of res ipsa loquitur, and further stated that he was unable to comply with defendants' request for further particulars. The court pointed out that the discovery rule was available to defendants, so that plaintiff's deposition could be procured and thereby defendants would be informed as to the details of the accident. Answers and replies were served, and on December 5, 1940, defendants' attorneys wrote the attorneys for the plaintiff as follows:

"Inasmuch as we have witnesses coming from some distance to attend the trial of this case next month, we wish to make certain that the expense of bringing them for the trial will not be incurred except as it is certain that the trial will take place.

"May we assume, therefore, that you intend to prosecute the trial at the January term of Court, unless we hear from you to the contrary prior to January 1."

By letter on December 9, 1940, plaintiff's attorneys replied:

"Receipt is acknowledged of your letter of recent date in respect to this action.

"We expect to try the case at the term of the Federal Court in Mankato beginning January 21st. We enclose herewith notice of trial. Will you please admit service on the enclosed card?

"We also enclose demand for jury trial. Please admit service on the enclosed card."

On December 18, 1940, defendants wrote plaintiff's counsel that they desired to take plaintiff's deposition under the discovery rule and asked about plaintiff's whereabouts. Thereafter, plaintiff's counsel informed defendants' counsel that they had no definite knowledge of plaintiff's present whereabouts. On December 21, 1940, an order to show cause was issued by this court on defendants' motion that the cause be continued until the June, 1941, term unless plaintiff's counsel informed defendants' counsel of plaintiff's location and address, so that an oral examination could be had pursuant to Rule 26 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This motion was heard on December 27, 1940. It was stated at that hearing that plaintiff would be made available for such examination on January 14th; that one of plaintiff's counsel was absent from the city and this accounted for the delay. On January 6, 1941, plaintiff's attorneys wrote the attorneys for the defendants as follows: "With reference to the deposition of January 14th, we will advise you within a few days as to whether we will take the deposition or continue or otherwise dispose of the pending action. It may be possible we will decide to dismiss the pending action and start the action for $3,000.00 in State Court."

On January 7, 1941, defendants' attorneys replied to this letter, stating in part:

"We note that you will advise us in a day or two as to whether or not the deposition will be taken and we trust that we may have this advice at least by Friday of this week so that we can make appropriate arrangements in accordance with your wishes.

"We also note the possibility of a move on your part to dismiss the pending action and to recommence the action in the State Court and we are obliged to advise you that because of the cost and expense which client has been put to in the preparation for the trial of this action and because of the lateness of any such move on your part, it will be incumbent upon us to oppose any such dismissal."

On January 10, 1941, defendants' counsel were notified of plaintiff's decision to dismiss. Plaintiff was not made available for examination, and on January 14th a motion for dismissal without prejudice, returnable on January 21st, was served.

At the hearing on the motion for dismissal, plaintiff urged no grounds or reasons other than an intention to commence another action in State Court for less than the jurisdictional amount. Defendants urge that the motion be denied, and in the alternative that if the motion is granted, it be conditioned upon plaintiff's paying reasonable costs; that the defendants have spent considerable time in preparing for trial and assert that the only reason plaintiff at this late date is seeking to dismiss is to avoid the defendants' right under the discovery rule. The file indicates that defendants have appeared in court on four motions in connection with these proceedings: The motion to remand; the motion to make the complaint more definite and certain; the motion to require plaintiff to present himself for oral examination; and in opposition to the motion for dismissal. It should be stated that the case by consent has now been continued to the June, 1941, term, because plaintiff did not present himself for oral examination on January 14th.

Under Rule 41(a)(2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, plaintiff does not have the right to dismiss without consent of

court. If one is to weigh the equities, it must be recognized that plaintiff will put defendants to unnecessary expense and delay without cause if the case is dismissed. No reason for dismissal now exists which did not prevail before answer was served. Rule 41(a)(2) was undoubtedly framed so as to prevent the voluntary dismissal of an action on the mere whim of the plaintiff after answer is served. Where defendants have gone to considerable trouble and expense in preparing for trial and the matter has been pending for over a year and no equities are shown or made to appear in behalf of the plaintiff's motion for dismissal, it seems evident that the court would abuse its discretion in permitting such dismissal and relegating the defendants to a few dollars by way of statutory costs. But unless it appears that reasonable terms and conditions cannot make the defendants reasonably whole, I question that the court should deny the motion. The right to dismiss before verdict has been long recognized by our courts. City of Detroit v. Detroit City R. Co., C.C., 55 F. 569; Prudential Ins. Co. of America v. Stack, 4 Cir., 60 F.2d 830; New York Life Ins. Co. v. Driggs, 4 Cir., 72 F.2d 833; Lawson v. Moore et al., D.C., 29 F.Supp. 175.

In City of Detroit v. Detroit City R. Co., supra, Judge Taft stated (55 F. at page 572):

" * * * It seems hardly fair that after a case has been got ready for hearing and the defendant has gone to the expense of a full preparation, the complainant may deprive the defendant of the benefit of all that preparation by a dismissal, under which he reserves full power to harass him by bringing a new bill when he shall choose to do so, on the simple condition that he pay the costs, which are so notoriously inadequate to compensate defendant for his actual expenditures. * * *

"It is very clear from an examination of the authorities, English and American, that the right of a complainant to dismiss his bill without prejudice, on payment of costs, was of course except in certain cases. Chicago & A. R. Co., v. Union Rolling-Mill Co., 109 U.S. 702, 3 S.Ct. 594, 27 L.Ed. 1081. The exception was where a dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind."

Judge Taft cited with approval the following rule announced by Judge Colt in Western Union Tel. Co. v. American Bell Tel. Co., C.C., 50 F. 662, 664 (page 573 of 55 F.): " 'Under that practice (i. e. the English chancery practice before 1845) the general rule was that a complainant might dismiss his bill upon payment of costs at any time before interlocutory or final decree; and this has been the general practice both in the federal and state courts. There are, however, certain well-recognized exceptions to this rule, and the question which arises upon this motion is whether the defendant comes within any of these exceptions. These exceptions are based upon the principle that a complainant should not be permitted to dismiss his bill when such action would be prejudicial to the defendant. But this does not mean that it is within the discretion of the court to deny the complainant this privilege under any circumstances, where it might think such dismissal would work a hardship to the defendant, as, for example, where it might burden him with the trouble and annoyance of defending against a second suit; but it means that if, during the progress of the case, the defendant has acquired some right, or if he seeks or has become entitled to affirmative relief, so that it would work an actual prejudice against him to have the case dismissed then, the complainant will not be permitted to dismiss his bill.' "

Defendants have the right under the federal rules to pre-trial procedure, including examination under the discovery provision. This is not accorded under the present State practice, but that is not such a right as is referred to above. See, Prudential Ins. Co. of America v. Stack, supra. Nor does the availability of certain procedural rights which are provided in the Federal rules, clothe the defendant with any right to retain the case here. If that were true, every case removed to this court could not be dismissed without prejudice after answer because of some procedural difference between the Federal and State courts. The answer asks for no affirmative relief. The case has not progressed to the stage where defendants seek or have acquired a right to a judgment on the merits. A dismissal will result in a prejudice which is solely monetary and which can be substantially removed by plaintiff's compliance with terms and conditions as a right to a dismissal. However, if plaintiff desires now to avail himself of his right to dismiss in this court and subject defendants to another lawsuit in State Court on the same issues, he should be required to pay the

reasonable costs and attorneys' fees incurred herein by the defendants. It is fair to presume that the present rule 41(a)(2) was promulgated for that very purpose.

In McCann v. Bentley Stores Corporation, D.C., 34 F.Supp. 234, at page 235, Judge Otis, in commenting upon this rule, stated: "When the Supreme Court promulgated this rule and provided that the court might permit a dismissal without prejudice 'upon such terms and conditions as the court deems proper' what sort of 'terms and conditions' was contemplated? I have found nothing in the books upon which to base an answer, but no 'terms and conditions' are conceivable except such as are calculated to compensate the defendant for the expense to which he has been put. In the only published opinion dealing with Paragraph (2) of Rule 41(a) that is the view taken by the court. Paul E. Hawkinson Co. v. Goodman, D.C., 32 F.Supp. 732."

A mere recital of the history of this case emphasizes the necessity of the imposition of such terms. Considering, therefore, the facts hereinbefore referred to, and taking judicial notice of the services performed by defendants' counsel in connection with this proceeding, and upon all the files and records herein, it is ordered that if plaintiff pays to the defendants, within thirty days after the filing of this order, the sum of $200 as and for attorneys' fees and costs herein, then the motion to dismiss without prejudice will be granted, otherwise it will be denied.