**TAYLOR v. SWIFT & CO. (two cases).**

**Civ. Nos. 89, 90.**

District Court, S. D. Florida, Orlando Division.

April 17, 1942.

Duncan, Hamlin & Duncan, of Tavares, Fla., for plaintiff.

Geo. P. Raney and Arthur L. Anderson, both of Tampa, Fla., for defendant.

AKERMAN, District Judge.

These two cases involve the same question, and were submitted to the court at the same time. Therefore, one memorandum will be sufficient to cover both. Each of the cases was filed in the state court, and removed to this court by the defendant, and, after the argument of several motions, the plaintiff now moves the court to dismiss each case without prejudice.

The defendant does not dispute the right of the court to dismiss the cases, but contends that the court should only grant the motion to dismiss without prejudice upon condition that the plaintiff reimburse the defendant for its costs, expenses and attorneys' fees.

I have carefully considered the opinion of Judge Otis in the case of McCann v. Bentley Stores Corporation, D.C., 34 F. Supp. page 234, which opinion is applicable to the facts here, and I adopt the same in its entirety. I am, therefore, of the opinion that, as a condition precedent to the dismissal without prejudice in each case, the plaintiff should be required to pay to the defendant, or its attorneys, the sum of $33.80 costs and expenses and the further sum of $225 as a reasonable attorneys' fee.

If the plaintiff complies with these conditions, each case may then be dismissed without prejudice, otherwise each case will either remain in this court for trial, or be dismissed with prejudice.