## MOTT v. CONNECTICUT GENERAL LIFE INS. CO.

### No. 115 Civil.

District Court, N. D. Iowa, W. D.

Oct. 21, 1942.

Clem & Miller, of Sioux City, Iowa, for plaintiff.

Henry C. Shull, Deloss P. Shull, and Shull & Marshall, all of Sioux City, Iowa, for defendant.

DELEHANT, District Judge.

This action was instituted September 4, 1942, in the District Court of Woodbury County, Iowa, by the plaintiff, a resident of Sioux City, Iowa, against the defendant, a Connecticut corporation, for the recovery of damages in the sum of $5,000 for pain and suffering, personal injuries and other incidental burdens allegedly sustained by the plaintiff in consequence of a fall resulting from the defective and unsafe condition of a stairway in a dwelling house situated upon real estate owned by the defendant. It was seasonably brought to this court by removal, the transcript being filed September 21, 1942. The defendant answered, with due service of its answer on September 26, 1942, and its answer does not include a counterclaim.

The case is presently before the court upon a motion of the plaintiff filed on October 10, 1942, for the dismissal of the action without prejudice and for the taxation against her of the court costs. The defendant in oral argument directs the court's attention to the filing of its answer, asserts that it is prepared and ready for trial, and contends that, if dismissal be granted, it should be with prejudice at the plaintiff's costs.

Prior to the service of the defendant's answer, the plaintiff, in an action filed in this court, may dismiss the action without order of court. Rule 41(a) (1), 28 U.S.C.A. following section 723c. Neither the defendant nor the court has any control over a dismissal during that period in the proceeding; and unless otherwise indicated in the dismissal, it is without prejudice, save in the instance of a dismissal by a plaintiff who has once theretofore dismissed in any federal or state court an action based upon, or including, the same claim. And a like option has been accorded to plaintiffs whose cases have reached the federal district courts through removal proceedings. Baker v. Sisk, D.C., 1 F.R.D. 232. See also cases cited infra.

■ But after the service of the defendant's answer, unless the dismissal is pursuant to stipulation between the parties, an action, even though there be no counterclaim, "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Such a dismissal is without prejudice unless otherwise specified in the order. Rule 41(a) (2), 28 U.S.C.A. following section 723c.

The court's inquiry, therefore, must be: First, whether dismissal should be allowed at all; secondly, whether it should be only with prejudice; and finally, if dismissal without prejudice should be allowed, upon what terms, if any, it should be granted.

■ No difficulty is encountered upon either the first or the second branch of the inquiry. No delinquency, obstinacy, artifice, or tardiness may be charged against the plaintiff. Her motion for dismissal was served within fifteen days after the appearance of the case in this court and only slightly more than a month after its initial filing in the state court. She simply seems to be here unwillingly, and there is no inclination on the part of the court arbitrarily to retain jurisdiction over her and her claim. This is not the exclusive forum for its determination. Nor has she been guilty of any act or omission for which the court could properly dismiss her action with prejudice upon her motion for dismissal without prejudice. In some circumstances that drastic course may be pursued. Walker v. Spencer, 10 Cir., 123 F.2d 347; De Filippis v. Chrysler Sales Corporation, 2 Cir., 116 F.2d 375. But here, clearly, such circumstances do not exist.

The court is satisfied that dismissal of the case without prejudice, but upon terms, is clearly proper. The nature of the terms is the principal problem.

■ It may reasonably be supposed that the plaintiff contemplates the institution in the state court of a new action upon her claim in such manner that it may not be removed to the federal court. Granting the assumption that she may have a cause of action against the defendant, this court has no right or disposition to prevent its presentation in an available forum of her choice. But this court does have both the power and right, and the duty, to shield the defendant against the unreasonable burden and expense of preparing for its defense against a single claim in successive courts.

And so, the court will require as a condition of dismissal without prejudice, the payment of not only all costs in the action including the costs on removal, but also a reasonable amount by way of reimbursement to the defendant of its expense thus far incurred.

As an equitable device for the accomplishment of that purpose, the court suggested to counsel on the oral argument of the motion the course pursued in Ryerson & Haynes, Inc., v. American Forging & Socket Co., D.C., 2 F.R.D. 343. There, the district court allowed dismissal without prejudice, conditioned that, prior to the institution of any further suit upon the cause of action there involved, the plaintiff pay to the defendant all of its taxable costs and all expenses by the defendant incurred in preparation for the first case, the costs and expenses to be determined by the court (presumably the federal court), prior to the institution of the further suit. Considering the equities of the parties that program has an appealing aspect. The nature of the case now before the court is not such that a successful defendant to it could ordinarily recover any of the expenses of its defense, except those items that constitute strictly taxable court costs. And in the event that the plaintiff's claim is abandoned and does not hereafter constitute the basis of another suit between the parties, the plaintiff ought not to be required to reimburse the defendant for the ordinarily untaxable expenses of its defense thus far.

But that course is not equally inviting from a practical viewpoint. It contemplates the retention of a limited jurisdiction over the instant case for the purpose of determining the costs and expenses to this date of the defendant if the plaintiff shall hereafter conclude to sue the defendant again. And that is quite unsatisfactory. Besides, in the absence of a present injunctive order, difficult and embarrassing to enforce, conflict and confusion might ensue from an attempt by the plaintiff, perhaps with new counsel, to institute a further action in the state court without theretofore returning here for the contemplated determination and assessment of the defendant's costs and expenses.

Consequently, the court has turned to what seems to be the more generally pursued course, and has resolved upon the specification of an estimated reasonable sum as the expense thus far of the defendant which the plaintiff must pay now, as a condition to her dismissal without prejudice

526

of her present case. Welter v. E. I. Du Pont De Nemours, D.C.Minn., 1 F.R.D. 551; Taylor v. Swift & Co., D.C.Fla., 2 F.R.D. 424; McCann v. Bentley Stores Corporation, D.C.Mo., 34 F.Supp. 234; De Filippis v. Chrysler Sales Corporation, supra (as to order originally entered).

That course is suggested in McCann v. Bentley Stores Corporation, supra [34 F. Supp. 235]: "When the Supreme Court promulgated this rule and provided that the court might permit a dismissal without prejudice 'upon such terms and conditions as the court deems proper', what sort of 'terms and conditions' was contemplated? I have found nothing in the books upon which to base an answer, but no 'terms and conditions' are conceivable, except such as are calculated to compensate the defendant for the expense to which he has been put."

The course thus suggested has been approved and pursued in the later cases to which citations are herein made; and it is considered by this court to be the most practicable and feasible one to follow.

Therefore, the court will allow the plaintiff's motion for dismissal without prejudice on condition that the plaintiff, on or before November 14, 1942, pay to the clerk of this court, (a) all costs of this action in the state court and in this court and of the removal, including the premium paid by the defendant for its bond on removal, statement of which shall be furnished to the clerk by the defendant's counsel, and (b) the sum of $100 for the use and benefit of the defendant by way of reimbursement for its expenses thus far incurred in its defense of this suit; and on the further condition that, if the plaintiff shall fail, within the time specified, to make said payments, the action shall not be dismissed but shall remain pending in this court and be assigned for trial.

Recognizing, however, that the plaintiff may already intend or seasonably conclude finally to discontinue the prosecution of her claim, the court will allow her in the alternative, to file herein on or before November 14, 1942, a voluntary dismissal with prejudice of this case, upon which, and upon her payment of the costs of the action without any reimbursement of the defendant's expenses other than ordinary taxable costs, this cause will stand dismissed with prejudice, and without any further order of this court.

An order has been prepared accordingly and is being signed and filed herewith.