**HANNAH v. LOWDEN et al.**

**Civ. No. 1144.**

District Court, W. D. Oklahoma.

April 3, 1943.

Williams and Teague and S. J. Montgomery, all of Oklahoma City, Okl., for plaintiff.

W. R. Bleakmore and James E. Grigsby, both of Oklahoma City, Okl., for defendants.

VAUGHT, District Judge.

This cause is pending on motion to tax costs and to extend time for payment, and the response to the motion.

There is attached to the motion to tax costs a statement of costs and expenditures made by the defendants which contains the amounts actually expended and two items charged that have not been paid. These two items are, "No. 7 Notarial service taking a deposition, $10.00" and "No.

15 Attorneys' fee for preparation for trial, $150.00."

The question of attorneys' fee and other costs expended is governed by Rule 41(a), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, which provides in paragraph (1) for a dismissal without prejudice after answer, upon stipulation. Paragraph (2) provides: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

■ The court fixes these terms and conditions at its discretion. Cases dealing with this question are:

McCann v. Bentley Stores Corporation, D.C., 34 F.Supp. 234, 235, in which the court held: "When the Supreme Court promulgated this rule and provided that the court might permit a dismissal without prejudice 'upon such terms and conditions as the court deems proper' what sort of 'terms and conditions' was contemplated? I have found nothing in the books upon which to base an answer, but no 'terms and conditions' are conceivable except such as are calculated to compensate the defendant for the expense to which he has been put. In the only published opinion dealing with Paragraph (2) of Rule 41(a) that is the view taken by the court. Paul E. Hawkinson Co. v. Goodman, D.C., 32 F.Supp. 732."

Welter v. E. I. Du Pont De Nemours & Co., Inc., et al., D.C., 1 F.R.D. 551, wherein it was held:

"The federal rule authorizing dismissal without prejudice upon such terms and conditions as the court deems proper authorizes the court to impose terms and conditions which are calculated to compensate the defendant for the expense to which he has been put." (McCann v. Bentley, etc., supra, follows this decision.)

"Where action which was instituted in state court was removed to federal court and motion to remand was overruled and no affirmative relief was sought in answer and case had not progressed to a point where defendant sought a judgment on the merits and dismissal would result in prejudice solely monetary, plaintiff's subsequent motion to dismiss without prejudice would be granted only on condition that plaintiff reimburse defendants for reasonable costs and attorneys' fees incurred in preparing the case."

Taylor v. Swift & Co., D.C.S.D. Florida, 2 F.R.D. 424, holding: "Where two actions which were instituted in state court were removed to federal court, and plaintiffs then moved to dismiss each case without prejudice, plaintiffs would be required to reimburse defendant for its costs, expenses and attorneys' fees as a 'condition precedent' to the dismissal without prejudice in each case." (Here the order was $33.80, costs, and $225, reasonable attorneys' fee.)

Ryerson & Haynes, Inc. v. American Forging & Socket Co., D.C.E.D. Michigan, 2 F.R.D. 343, holding: "Where plaintiff, at a pre-trial hearing, requested dismissal of action without prejudice after defendant had filed answer and was ready for trial, action would be dismissed without prejudice provided that prior to commencement of another action upon the same cause plaintiff paid defendant the taxable costs and expenses incurred by defendant in preparation for action which was dismissed."

Mott v. Connecticut General Life Ins. Co., D.C.N.D. Iowa, 2 F.R.D. 523, 524, holding: "On plaintiff's motion to dismiss personal injury action removed to federal court after defendant had answered, court conditioned dismissal without prejudice on payment by plaintiff of all costs of the action in both courts including premium paid by defendant for its bond on removal, and the sum of $100 on or before 24 days after entry of order, with the option of dismissing claim with prejudice within such time upon payment of taxable costs of action."

■ In view of the reasoning contained in the foregoing authorities, as well as the plain wording of Rule 41(a), the court is of the opinion that the costs, as submitted by the defendant including $150 attorneys' fee, and $10, notarial service taking deposition, should be taxed to the plaintiff, and the plaintiff is directed, as a condition to the dismissal of said case without prejudice, to pay the costs and expenses, as submitted. As provided in an order heretofore entered, plaintiff will be given thirty days from this date in which to pay said costs.