**GOLD et al. v. GEO. T. MOORE SONS, Inc.**

District Court, S. D. New York.

June 9, 1943.

Goodell, Hoffman & Spark, of New York City (Louis B. Applebaum, of New York City, of counsel), for plaintiffs.

Munn, Liddy & Glaccum, of New York City (Sylvester J. Liddy, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Plaintiffs' attorneys have applied under Rule 41(a) (2), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for leave to dismiss plaintiffs' action against defendant. The action is based on an alleged infringement by defendant of Design Letters Patent No. 127,721 for an ornamental necktie clasp, issued on June 10, 1941, to Abraham Gold, one of the members of the plaintiff partnership Gold Bros. The complaint sought an injunction, damages, an accounting of profits and the impounding of defendant's allegedly infringing articles. The complaint was filed in this Court August 7, 1942, and the summons was served on an officer of defendant on that date.

Defendant's answer was served promptly on August 25, 1942. It challenged the validity of plaintiffs' patent and asserted that plaintiffs' alleged invention had in fact been invented and patented by others and was described in printed publications prior to the date of plaintiffs' alleged invention and more than one year prior to the filing of plaintiffs' application. The answer cited nine American patents in support of the allegation; it also pleaded the prior public use and the prior state of the art. No counterclaim was pleaded and defendant sought no affirmative relief such as a declaratory judgment adjudicating plaintiffs' patent invalid; only the dismissal of the complaint with costs was asked.

Since issue was joined, plaintiffs' counsel has examined an officer of defendant, pursuant to Rules 26 and 30(c), Federal Rules of Civil Procedure. Likewise Abraham Gold has been examined by defendant's attorney. Defendant's attorney states that soon after suit was brought he called counsel for plaintiffs and showed him that defendant had made the alleged infringing device nineteen months before plaintiffs claimed to have conceived the idea, but plaintiffs insisted on going on with the litigation. It therefore became necessary for defendant to prepare for trial. This involved conferences, examination of corporate records, a search of the patent office to discover the state of the prior art, examination of some nine patents, the taking of depositions, conferences with witnesses and the preparation of a trial brief.

202

Defendant has shown that it has had out of pocket disbursements of $57.74 and has already paid its attorneys $267.74 toward fees and disbursements (which includes the $57.74). Defendants' attorneys ask $350 as a reasonable counsel fee. Adding to the $57.74 disbursements, the statutory docket fee of $20 and an attorneys' fee of $250 (instead of the $350 requested), would make a total of $327.74 for attorneys' fee, disbursements and costs. I believe that the payment of that sum by plaintiff to defendant should be made a condition of any order to be entered by this court on plaintiffs' application to dismiss without prejudice.

I am adding that condition because it seems to me that plaintiffs are in effect defaulting yet wish to avoid the effect of a failure to prosecute the action, which would entitle the defendant to move for a dismissal of the action. Under Rule 41(b), Federal Rules of Civil Procedure, such a dismissal, unless the order otherwise directed would operate as a dismissal upon the merits.

Plaintiffs have practically walked out on this litigation. Abraham Gold, the inventor, was in town the day before the case was called for trial on June 8th (it had been set for trial for the 8th ten days before that). Yet he had to go to Chicago on some private business and left it to his lawyer to face the situation thus presented. At the hearing on June 8th plaintiffs' attorney stated that plaintiffs intended to drop the litigation, but he would not consent to a dismissal with prejudice. Since a dismissal under Rule 41(a) (2) is without prejudice unless otherwise specified in the order, I will grant plaintiffs' request for a dismissal without prejudice on condition that plaintiffs within ten days of the entry of the order pay defendant $327.74, as hereinabove indicated, and if said payment is not so made, the dismissal shall be with prejudice.

As to the power of the Court, in the exercise of a sound discretion, to add the condition that defendant be compensated for the expense to which it has been put in defending the action, see McCann v. Bentley Stores Corp., D.C., 34 F.Supp. 234, and other cases cited in Moore's Federal Practice, p. 3039 (1942 Supplement); also, Taylor v. Swift & Co., D.C., 2 F.R.D. 424.

Submit order accordingly on two days' notice.