**NEW YORK, C. & ST. L. R. CO. v. VARDAMAN.**

**No. 14064.**

United States Court of Appeals
Eighth Circuit.

May 3, 1950.

Rehearing Denied May 29, 1950.

James C. Jones, Jr., St. Louis, Mo. (Jones, Hocker, Gladney & Grand and Lon Hocker, St. Louis, Mo., on the brief), for appellant.

William H. Allen, St. Louis, Mo. (Mark D. Eagleton, St. Louis, Mo., on the brief), for appellee.

Before JOHNSEN, RIDDICK, and STONE, Circuit Judges.

STONE, Circuit Judge.

This is an action brought under the Federal Employers' Liability Act, 45 U.S. C.A. §§ 51–60, and the Federal Safety Appliance Acts, 45 U.S.C.A. §§ 1–46, for personal injuries suffered in a railroad switching operation in the yards of defendant at Fort Wayne, Indiana. From an order dismissing the case without prejudice, defendant appeals.

September 20, 1948, defendant filed a motion to transfer the cause to the District Court of the United States at Fort Wayne, 28 U.S.C.A. § 1404(a). Supporting and counter affidavits were filed. In October, 1948, defendant filed its answer admitting injury to plaintiff in Fort Wayne. Depositions on the merits were taken by both sides at Fort Wayne. Thereafter, while the above motion was undisposed and shortly after the Supreme Court had decided section 1404 applicable to Federal Employers' Liability Acts suits Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959; Kilpatrick v. Texas & Pacific Railway Co., 337 U.S. 75, 69 S.Ct. 953, plaintiff filed a motion to dismiss "without prejudice." The motion was sustained with the provision "upon payment of costs herein by plaintiff." This appeal is from that order of dismissal.

■ We understand that appellant does not question that the determination of this motion was addressed to the sound judicial discretion of the trial court. Its contentions are that this discretion was erroneously exercised to its prejudice in three respects. These are (1) deprival of the right to have the cause transferred to the United States District Court at Fort Wayne; (2) deprival of its right to have its prior filed motion to transfer determined before the later filed motion to dismiss; and (3) omitting to condition the order upon payment of the expenses and a reasonable attorney's fee incurred by appellant in this suit.

The basic principal of law involved here is stated in Federal Rules of Civil Procedure, Rule 41(a) (2), 28 U.S.C.A., that an action shall not be dismissed by the plaintiff save upon order of the court and "upon such terms and conditions as the court deems proper." The judicial discretion thus authorized has been construed to allow dismissal, upon payment of costs, "unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second law suit." Cone v. West Virginia Pulp and Paper Co., 330 U. S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849; Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314, 317. In determining this matter of "plain legal prejudice," we are required, on appeal, to accept the action of the trial court unless we find "arbitrary action by failure to apply the appropriate equitable and legal principles to the established or conceded facts and circumstances." Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314, 317; Hartford-Empire Co. v. Obear-Nester Glass Co., 8 Cir., 95 F.2d 414, 417. With these controlling legal principles in mind, we examine the before-stated claims of "prejudice" advanced by appellant.

1. Deprival of right to transfer.

■ The argument by appellant is that it had "the right to have the cause transferred to the United States District Court at Fort Wayne"; and that prevention of this right through dismissal without prejudice was prejudicial to it because such action left the appellee free to bring anew his suit in any State court where he could get service upon appellant and that suit in a State court would not be subject to the beneficial provisions of section 1404(a) as to convenience of forum.

It may be that the apprehended results are possible or even probable but such do not constitute, in and of themselves, such prejudice as to demonstrate arbitrary action by the trial court. Section 1404(a) provides a purely procedural method relating to place of forum, which is not mandatory but depends upon the exercise of sound judicial discretion. Denial of such manner of choice of forum is not a prejudicially arbitrary act because "no one has a vested right in any given mode of procedure", Ex parte Collett, 337 U.S. 55, 71, 69 S.Ct. 944, 959; and see Pullman's Palace Car Co. v. Central Transportation Co., 171 U.S. 138, 146, 18 S.Ct. 808, 43 L.Ed. 108 and Home Owners' Loan Corporation v. Huffman, 2 Cir., 134 F.2d 314, 318.

### 2. Prior determination of motion to transfer.

■ This contention amounts only to the claimed right of appellant to have the District Court at Fort Wayne determine the terms upon which the case should be dismissed. This asks us to declare arbitrary action by the trial court on the basis of the hypothetical situation that the trial court would order the transfer to the Fort Wayne Court and that such Court would, or would have the opportunity to, determine the motion to dismiss upon more favorable terms to appellant. We are unconvinced.

### 3. Payment of expenses and reasonable attorney's fee.

■ This contention is that the court acted arbitrarily in not further conditioning the dismissal upon payment of the expenses and a reasonable attorney's fee incurred by appellant.

That such provision *may* be required as a condition of dismissal without prejudice under Rule 41(a) (2) is hardly open to question, and such condition is not infrequent, DeFillipis v. Chrysler Sales Corp., 2 Cir., 116 F.2d 375; Gold v. Geo. T. Moore Sons, Inc., D.C.N.Y.S.D., 3 F.R.D. 201; Mott v. Connecticut General Life Ins. Co., D.C.Iowa N.D., 2 F.R.D. 523; Taylor v. Swift & Co., D.C.Fla.S.D., 2 F.R.D. 424; Ryerson & Haynes, Inc. v. American Forg-

ing & Socket Co., D.C.Mich.E.D., 2 F.R.D. 343; Welter v. E. I. DuPont De Nemours & Co., D.C.Minn., 1 F.R.D. 551; McCann v. Bentley Stores Corp., D.C.Mo.W.D., 34 F.Supp. 234; Paul E. Hawkinson Co. v. Goodman, D.C.Cal.S.D., 32 F.Supp. 732 and see Federal Savings and Loan Ins. Corp. v. First National Bank, D.C.Mo.W.D., 4 F. R.D. 313. • Also, for an extensive annotation of authorities *prior* to the Rules, see 89 A.L.R. 13. Before the Rules, it had been held that "the expense incurred by defendant in preparing for trial and the resulting delay did not alone constitute good cause for refusing such dismissal" without prejudice. United Motors Service v. Tropic-Aire, Inc., 8 Cir., 57 F.2d 479, 486; Lindley v. Denver, et al., 6 Cir., 259 F. 83, 84. Our view is that payment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice under Rule 41 (a) but that omission of such condition is not necessarily an arbitrary act. Of course, such expenses and fee must be confined to those referable only to the cause of action dismissed. Paul E. Hawkinson Co. v. Goodman, D.C.Cal.S.D., 32 F.Supp. 732, 734.

■ Here, the fact situation is as follows. Counsel for appellant prepared and filed the motion to transfer (with supporting affidavit) and answer; also, took depositions—lasting one day—at Fort Wayne. Counsel did much work in connection with the applicability of Section 1404 to Federal Employers' Liability Act cases. While such issue was directly involved in the motion to transfer in this case, yet this work of counsel was largely in conjunction with counsel for other railroads where this issue was present in cases against them. When the Supreme Court granted certiorari in the Collett, 337 U.S. 55, 69 S.Ct. 944, 959, and Kilpatrick, 337 U.S. 75, 69 S.Ct. 953, cases, counsel prepared and filed a brief and appendix thereto in the Supreme Court as *amicus curiae;* attended at the oral argument and sought, but was denied, leave to present oral arguments therein. A brief upon this issue was prepared in this case. Also, counsel made full investigation and considerable work in "preparing the facts of the case."

As to the amount of expenditures, the "trip to Washington and printing the brief [Collett and Kilpatrick cases]" was $239; as to the trip to Fort Wayne to take the depositions, "I don't know, maybe $50.00, maybe $100.00, including the employees' time while they testified."

As to attorneys' fee, counsel testified "for my legal services, without having attempted to discuss this with the client or to give very much thought, I would estimate as being of the value of approximately $1500.00, the work that was done so far."

All of the testimony as to services, expenses and attorneys' fee was in a sworn oral statement by one of counsel at the hearing on the motion to dismiss. At the close of this statement, counsel for appellee asked if this testimony was about expenses appellant might lose if the motion were sustained. This question was succeeded by the following:

"A. Well, I don't think hardly that is a matter for testimony, if your Honor please, I think that is a matter for argument. If there is a question you want to ask me about in the nature of testimony, Mr. Eagleton, I will do my best to answer, to ask what my idea is is hardly calling for evidence.

"Q. Go ahead; that is all right. No question about your evidence, except to say it is a rather modest fee. I will put that in."

In the argument on the motion, reproduced in this record, there is no suggestion that, if the motion be sustained, it should be conditioned upon payment to appellant of incurred expenses and a reasonable attorneys' fee.

Clearly, the Washington trip and printing of that brief expenses cannot be charged to this case. The testimony as to the Fort Wayne trip expense is indefinite although counsel might have made it entirely definite. The attorneys' fee covers both services in this particular case and also in connection with the Collett and Kilpatrick cases in the Supreme Court, with no attempt at apportionment or statement of facts which might be a basis for apportionment.

We hold that (although it would not have necessarily been an abuse of discretion to omit payment of expenses and attorney fees as a requirement for the dismissal) the condition of this record as to such items would alone justify omission of such requirement

The order appealed from is

Affirmed.