Marguerite B. LUNN, Widow and Executrix of the Estate of William M. Lunn, Deceased, Plaintiff,

v.

UNITED AIRCRAFT CORPORATION, Defendant.

Civ. A. No. 2063.

United States District Court
D. Delaware.

May 25, 1960.

See also, D.C., 25 F.R.D. 186.

Parissi v. Foley, 2d Cir., 1953, 203 F. 2d 454.

Robert W. Wakefield, Foulk, Walker, Miller & Wakefield, Wilmington, Del., Albert A. Oppido, Irving A. Cohn, Oppido

& van Horne, Mineola, N. Y., for plaintiff.

Henry M. Canby and E. Norman Veasey, Richards, Layton & Finger, Wilmington, Del., for defendant.

RODNEY, Senior Judge.

■ This is a motion for a voluntary dismissal of an action pursuant to Federal Rule of Civil Procedure, rule 41(a) (2), 28 U.S.C.A. The motion was not made until after the service of the answer as provided in 41(a) (1). The material part of Rule 41(a) (2) is set out in the footnote.[1] It seems to be clear and conceded that a motion for voluntary dismissal under Rule 41(a) (2) is within the sound judicial discretion of the Court and will be determined after attempting to secure substantial justice to both parties.[2] A correct understanding of the foundation for the exercise of sound legal discretion can only be had from a somewhat lengthy recital of the facts.

The defendant, a corporation of the State of Delaware, is alleged to have been the manufacturer of a Sikorsky helicopter which was sold to New York Airways, Inc.; that William M. Lunn as employee and agent of New York Airways, Inc. was operating the helicopter at LaGuardia Airport in the City and State of New York on November 30, 1956, when a fatal accident happened in which Lunn was critically burned. He died of his injuries on January 11, 1957. The plaintiff is his widow and executrix of his estate. The original complaint was filed in this Court on November 26, 1958 and an amended complaint on February 5, 1960. Both complaints alleged various acts of negligence on the part of the defendant and sought recovery both for the

1. "By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

2. Young v. Wilky Carrier Corp., 3 Cir., 1945, 150 F.2d 764, certiorari denied 326 U.S. 786, 66 S.Ct. 470, 90 L.Ed. 477; Lawson v. Moore, D.C., 29 F.Supp. 175; Maryland Casualty Co. v. Quality Foods, D.C., 8 F.R.D. 359; Therrien v. New England Tel. & Tel. Co., D.C., 102 F. Supp. 350.

personal injuries suffered by the deceased in his lifetime and for damages arising from the death itself. After an appearance by the defendant and some items of discovery process, the defendant moved to dismiss the cause of action based on the personal injuries sustained by the deceased as being barred by the Delaware Statute of Limitations. It being conceded that the applicable limitation was the Delaware Statute, this Court on February 23, 1960 filed its opinion dismissing the cause of action based on such personal injuries.[3] An order was entered thereon on March 21, 1960. The motion for voluntary dismissal by the plaintiff was filed on April 13, 1960.

So much for the record as shown in this Court.

At the hearing on the motion for voluntary dismissal certain facts were brought out as bearing upon the exercise by this Court of sound legal discretion as to such motion to dismiss.

Before the suit was brought in this District of Delaware, a suit had been instituted on May 5, 1958 in the Supreme Court of the State of New York in and for Nassau County. The defendant moved to dismiss that suit on the ground that it was not doing business in the State of New York and in support of that motion filed an affidavit of the Secretary of the defendant company verified on May 26, 1958. The motion was evidently heard on June 17, 1958 and the plaintiff not being in a position to dispute the affidavit tacitly consented to the dismissal of that action. No order of dismissal, however, was presented or signed until September 17, 1958 and I am informed that under the New York practice the date of dismissal is to be determined from the date of the order.

Nine days after the hearing on the motion to dismiss the New York action (viz., on June 26, 1958) and almost three months before the presentation and signing of the order of dismissal, the circumstances had changed by the defendant's filing with the Secretary of the State of New York a certificate designating the Secretary of the State of New York as the agent for the defendant for the service of process. This change of circumstances, it is alleged, was not brought to the attention of the plaintiff or of the Court, and as indicated the order of dismissal was signed on September 17, 1958.

The plaintiff asserts it was not until November, 1959 and purely from fortuitous and extraneous circumstances that it first learned the defendant was doing business in the State of New York and liable to service there, and on December 8, 1959 again served copies of summons and complaint on the defendant in the State of New York.

In order to invoke the action of this Court in exercising its sound legal discretion in permitting the plaintiff to dismiss the present action without prejudice, the plaintiff lists generally her grounds under several categories.

(1) That the present suit was brought in this Court only because the plaintiff was unaware that service could be had on the defendant in New York and that such ignorance on the part of the plaintiff was brought about by the deceptive action of the defendant as indicated in the statement of facts.

(2) That a suit by the present plaintiff against the present defendant is now pending in New York. In that suit damages are sought both for the death itself and for personal injuries suffered by the deceased and neither cause of action is barred in New York by any limitation of action. In the present suit the cause of action for personal injuries suffered by the deceased has been stricken out as barred by the Delaware Statute of Limitations, 10 Del.C. § 8118. Retention of the action here and a judgment favorable to the plaintiff would require a further trial in a New York action for

3. 182 F.Supp. 12.

the cause of action based on personal injuries.

(3) That all the witnesses live in or around the City of New York and while the defendant is a corporation of the State of Delaware, its principal place of business and all its officers and records are in Connecticut, with offices at East Hartford.

(4) That the plaintiff is a widow with four young children and of most moderate means and cannot afford the expense of a trial in Delaware and a separate trial in New York.

(5) That a trial in New York can be had as expeditiously as a trial in Delaware.

(6) That the present motion to dismiss under Rule 41 requires the approval of the Court because of the filing of the answer. Prior to March 9, 1960 the plaintiff could have dismissed the action without the approval of the Court. That on the morning of March 9, 1960 counsel for the plaintiff mentioned to counsel for the defendant that a dismissal or stay of the present action was being considered. That on the afternoon of March 9, 1960 the answer of the defendant was filed thus making applicable the provisions of Rule 41(a) (2) and requiring the order of the Court.

▮ Before considering the merits of the application one passing thought may be material. The consideration of Rule 41(a) (2) under the present circumstances is, in essence, an application of the principle of "forum non conveniens" but without the attendant disadvantages of the principle which brought about the transfer statute, 28 U.S.C. § 1404(a). Here the application to dismiss is by the plaintiff and is not for the purpose of bringing a new suit but for continuing another suit already brought in New York and in which suit the answer had been filed over two months before the filing of the answer

in this suit. The meaning of the doctrine of "forum non conveniens" is not restricted to the fact that the Court is not a "convenient" court for the trial of the case but under certain circumstances it means that the ends of justice will be best served by trial in another forum. As said in Paramount Pictures v. Rodney, 3 Cir., 1950, 186 F.2d 111, 113:

"The doctrine of forum non conveniens means no more than that a court may resist an imposition upon its jurisdiction even when that jurisdiction is authorized by a general venue statute."

In Koster v. (American) Lumbermens Mutual Cas. Co., 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 it is said:

[Under the doctrine of "forum non conveniens"] "the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice."

Consideration will now be given to the contentions of the parties and they will be considered in order.

(1) The facts as hereinbefore set out as to this first category are not disputed. It is not disputed that the first action was brought in New York on May 5, 1958; that the defendant moved to dismiss because it was not doing business in the State of New York and no proper service had been had and said motion was heard on June 17. No order of dismissal was entered until September 17, 1958 and I am informed that the dismissal is effective as of the date of the order.[4] On June 26, 1958 almost three months before the order of dismissal, the circumstances had changed by the defendant at its own request being authorized to do business in New York. This change of circumstances was not brought to the attention of the Court and the order of dismissal was signed in ignorance of such change. I am not

4. See United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 235, 78 S.Ct. 674, 2 L. Ed.2d 721.

informed as to whether under the changed circumstances a new service of summons in New York was possible and the New York Judge may have wanted to consider such question. It appears that a subsequent suit in New York in November, 1959 was given the same number as the former suit. I am inclined to the opinion that the New York Judge would not have determined such question without hearing the counsel involved and I am clearly of the opinion that if counsel for the plaintiff had known of the change of circumstances, the present suit in this Court would not have been brought.

The defendant contends that at the time of the presentation of the order of dismissal it was under no duty to inform the plaintiff or the New York Judge that the defendant was then qualified to do business in New York; that the only matter before the Judge was whether when the first suit was filed on May 5, 1958 defendant was then liable to service in New York. The defendant may be correct in this contention but I am clearly of the opinion the action of the defendant in this first category and also in category No. 6 are matters to be considered in the exercise of sound legal discretion as to the present motion for voluntary dismissal by the plaintiff.

(2) There seems to be no question that if the present motion to dismiss is not granted there will remain two areas of litigation not entirely covering the same ground. The action in this Court is confined to a claim for damages for the death of the deceased while the action in New York includes both a claim for damages arising from the death and also a claim for personal injuries suffered by the deceased, who it is alleged suffered second and third degree burns to 55% of his body surface. It is alleged that he remained conscious and survived the accident for 40 days. If the plaintiff should prevail in the present action it would still be necessary to continue the litigation in New York on the cause of action not cognizable by this Court. The

exact extent of the subsequent trial in New York is in some dispute but this is a matter which I may not consider since it is entirely to be determined by counsel as guided by the New York Court.

(3) & (4) There seems to be no dispute as to the fact that no witnesses live in Delaware and that all prospective witnesses for both parties live either in New York or much nearer New York than the District of Delaware. It is also apparent that the plaintiff is without funds except for Social Security and Workmen's Compensation and, presumably, the latter is of limited duration. The expense of two trials, one in Delaware and, if successful, another trial in New York, or even one trial in Delaware are matters clearly relevant in exercising sound legal discretion in the disposition of the present motion.

(5) The parties are in dispute as to how quickly the case in New York can be tried if this present motion for dismissal is granted. The plaintiff insists that with cooperation of the defendant the case can be tried without great delay. The defendant denies this and from information available to me I am not able to determine this fact.

I am in a somewhat better position to consider the defendant's contention as to the time of trial of the present suit in this Court if the motion to dismiss is not granted. The defendant suggests that the case may be tried in June, 1960 or soon thereafter. I only note certain dates and facts. No answer was filed until March 9. Beyond interrogatories propounded by the defendant to the plaintiff no discovery process had been taken before the motion to dismiss except one deposition, not yet returned. One additional deposition has been taken since the motion to dismiss. No discovery process has been started by the plaintiff and it is alleged that information or knowledge as to the design and manufacture of the helicopter, as to which the allegations of negligence refer, is largely or solely in the possession of

the defendant. No pretrial proceedings have been had and there has been no assignment of the case to any judge.

(6) This has been considered in connection with category No. 1.

The defendant contends, and with some reason, that it has been put to considerable expense in connection with this suit in Delaware both as to counsel fees and disbursements. This does seem a matter to be considered.

A number of cases have been cited in support of the motion for voluntary dismissal and in opposition thereto. None of the cases involved the facts here present. The cases denying the voluntary dismissal in the present stage of the case may generally be grouped as follows:

(a) Where other interests have intervened as where a counterclaim has been presented or third party proceedings are involved.[5]

(b) Where the trial had either actually started or where proceedings had reached a very advanced stage.[6]

(c) Where the defendant would be seriously prejudiced in some manner other than by litigation in a different forum.[7]

None of the foregoing situations seem to exist here. No counterclaim or third party proceedings are involved; the case has not reached an advanced stage. The answer was filed on March 9, 1960 and this motion for voluntary dismissal was filed on April 13, 1960.

It is true the defendant in this case is not faced with a cause of action based on personal injuries to the deceased, yet such cause of action does exist in New York and if the plaintiff prevails in a trial retained in this Court, the cause of action based upon the personal injury to the deceased would still be required to be litigated.

The authorities concerning the terms and conditions to be attached to a voluntary dismissal without prejudice are generally collected in an annotation in 21 A.L.R.2d 627.

All the cases hold that the granting of the motion for voluntary dismissal under Rule 41(a) (2) is a matter resting in the sound legal discretion of the Court. For a time the Seventh Circuit held that the plaintiff had a right to a voluntary dismissal and that the discretion of the Court only concerned the terms and conditions to be imposed. Bolten v. General Motors Corp., 7 Cir., 180 F.2d 379, 21 A.L.R.2d 623. This case was much criticized and subsequently overruled in part by Grivas v. Parmelee Transp. Co., 7 Cir., 207 F.2d 334, 336.

In this Third Circuit in Ockert v. Union Barge Line Corp., 190 F.2d 303, the Court considered the Bolten case but declined to follow it, and held that after the answer is filed a voluntary dismissal could not be had except by order of the Court and that the matter of the voluntary dismissal was a matter for the discretion of the trial judge.

One case seems to require some special consideration. In Home Owners' Loan Corp. v. Huffman, 8 Cir., 1943, 134 F.2d 314, 317, it is said:

"Upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject for consideration under the rule. The terms and conditions which the court

---

5. Piedmont Interstate Fair Ass'n v. Bean, 4 Cir., 1954, 209 F.2d 942, 945; Wall v. Connecticut Mut. Life Ins. Co., D.C.S.D. Ga.1941, 2 F.R.D. 244.

6. Ockert v. Union Barge Line Corp., 3 Cir., 1951, 190 F.2d 303; Schopen v. Westwood Pharmacal Corp., D.C.W.D. N.Y.1951, 11 F.R.D. 555; Harvey Alumi-

num, Inc. v. American Cyanamid Co., D.C.S.D.N.Y.1953, 15 F.R.D. 14; Cincinnati Traction Bldg. Co. v. Pullman-Standard Car Mfg. Co., D.C.D.Del.1938, 25 F.Supp. 322.

7. Harvey Aluminum, Inc. v. American Cyanamid Co., D.C.S.D.N.Y.1953, 15 F.R.D. 14.

may impose are for the protection of the rights of the defendant."

■ One may agree that the terms and conditions imposed by the Court as a condition for a voluntary dismissal must necessarily be for the benefit of the defendant but it is not so clear the equities of the plaintiff are not to be considered. If the matter of voluntary dismissal is to be determined in the sound discretion of the Court, it would seem that all the facts must be considered and all the equities weighed.

A refusal to consider any equities of the plaintiff is a denial of a full and complete exercise of judicial discretion. The language of the Home Owners' Loan case, supra,

> "Upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject for consideration under the rule"

was expressly adopted by the Bolten case and may have had its origin in the thought that since the plaintiff had a clear right to dismiss and the discretion of the Court was confined to the terms and conditions to be imposed that, therefore, the equities of the plaintiff were not a subject for consideration. This was the holding of the Bolten case which was, I think, overruled in the Grivas case and was the basic part of the Bolten case with which the Courts have generally disagreed. The only case cited by the Home Owners' Loan case was Ex parte Skinner & Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912 which was based upon the plaintiff's absolute right to dismiss at any stage.

Summarizing, therefore, I am of the opinion that the voluntary motion to dismiss by the plaintiff under Rule 41(a) (2), after answer, is within the sound judicial discretion of the Court after weighing all the equities [8] of the case.

As to the terms and conditions to be imposed upon the voluntary dismissal of the case, the authorities are not harmonious, especially concerning the attorney's fees paid by the defendant. Most or all of the cases agree the Court costs as computed by the Clerk should be paid by the plaintiff.

I am of the opinion that in considering any allowance to the defendant as one of the terms or conditions upon which a dismissal without prejudice may be granted, a distinction might be made between certain expenses or disbursements made by the defendant on the one hand and counsel fees paid or incurred by the defendant on the other. If suit was prosecuted in this Court to a final conclusion and the defendant prevailed, certain expenses might be recovered by the defendant or allowed as costs. I know of no authority for a successful defendant in an ordinary tort case to recover his counsel fees as a part of the costs. Something might be said as to the anomaly of the defendant obtaining much more in a voluntary dismissal than he could have recovered after a successful trial at length.[9]

■ Some of the cases allowing counsel fees as a condition for voluntary dismissal are patent cases. Recovery of counsel fees in certain patent cases is the subject of express statutory provision.[10] However, I must bow to the weight of authority and hold that counsel fees may be allowed as a "term or condition" for voluntary dismissal under Rule 41(a) (2).[11]

8. Lawson v. Moore, D.C., 29 F.Supp. 175.

9. Union Nat. Bank of Youngstown, Ohio v. Superior Steel Corp., D.C.W.D.Pa. 1949, 9 F.R.D. 117.

10. 35 U.S.C. § 285. See Philadelphia Gear Works v. Kerotest Mfg. Co., D.C., 101 F.Supp. 820.

11. Gold v. Geo. T. Moore Sons, D.C.S.D. N.Y.1943, 3 F.R.D. 201; Mott v. Con-

In New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 181 F.2d 769, it is said that while the allowance of counsel fees is permissible on a motion for voluntary dismissal, the omission of such condition is not necessarily an arbitrary act. If this be true, then the amount of attorney fees and expenses must be within the sound discretion of the Court. In arriving at an amount to be allowed as a condition for voluntary dismissal, I must take into consideration all the facts of the case and the circumstances of the parties. I must also consider the usefulness in the New York action of some of the work done and expenses incurred in this present case, for the interrogatories and depositions already taken may be available in that action if prosecuted. Attention must also be given to the fact that the only cause of action now being dismissed is the cause of action for the death itself. The former cause of action for personal injuries of the deceased is not concerned in this motion and is no longer before the Court. It is obvious that a considerable portion of the attorney's fee for which compensation is sought concerned the action for personal injuries and as such cannot be compensated in connection with the present motion.[12]

In addition to the cost of the case the plaintiff should pay to the defendant the sum of $500 on account of counsel fees and expenses and upon this payment to the defendant the motion for voluntary dismissal will be granted. When these conditions have been met an appropriate order may be submitted.

necticut General Life Ins. Co., D.C., 2 F.R.D. 523; Taylor v. Swift & Co., D.C.S.D.Fla.1942, 2 F.R.D. 424; Ryerson and Haynes, Inc. v. American Forging & Socket Co., D.C.E.D.Mich.1942, 2 F.R.D. 343; Welter v. E. I. Du Pont De Nemours & Co., D.C.Minn., 1 F.R.D. 551; McCann v. Bentley Stores Corporation, D.C.W.D.Mo., 34 F.Supp. 234; Federal Savings & Loan Ins. Corp. v. First

Nat. Bank, etc., D.C.W.D.Mo.1945, 4 F.R.D. 313; New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 1950, 181 F.2d 769; United Industrial Corp. v. Hayes Aircraft Corp. (D.Del.1960), Unreported; 5 Moore Fed.Prac. P. 41.06.

12. Paul E. Hawkinson Co. v. Goodman, D.C., 32 F.Supp. 732.