ROSENDO ZEGARRA, JR., Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent; CARMEN LÓPEZ DE VICTORIA, Intervener.

No. 1634.  Argued April 8, 1946.—Decided May 20, 1946.

144

*Enrique Báez García* for petitioner.  *Fernando Zapater* and *R. Otero Suro* for intervener, defendant in the main action.

Mr. Justice Todd, Jr., delivered the opinion of the court.

On January 18, 1945, Rosendo Zegarra, Jr., brought an action for divorce in the District Court of Ponce against his wife, Carmen López de Victoria, on the ground of cruel treatment and grave injury.  On January 25, the defendant filed a motion for provisional alimony and *litis expenses* and on February 1st answered the complaint denying the facts alleged therein.  After hearing the motion and weighing the evidence the court ordered the plaintiff to deposit $125 on the 25th of every month in the office of the clerk of the court, for rent, food, clothing, and other expenses incurred by the defendant and to deposit also the amount of $100 as an advance payment for attorney's fees for defendant which would be timely fixed by the court.  Thereafter the allowance for maintenance was reduced first to $100 and later to $90 monthly.  Due to plaintiff's delay in depositing the monthly allowances, the defendant had to bring within the action several contempt proceedings, which were settled before or after the hearings.  On one occasion the case was set for trial and later postponed by reason of plaintiff's failure to pay the allowances as the court had ordered.

On November 20, 1945, the day on which a motion for contempt was to be heard, the plaintiff filed a motion seeking the dismissal of his action of divorce.  Defendant opposed the motion and asked the court not to dismiss the action unless plaintiff be required to pay all the allowances due until such time as the court should enter its order and that in addition to the $100, which should have been advanced to pay defendant's attorney and which plaintiff had failed to

deposit, the court should fix in its order the reasonable amount of said fees.

The court took the motion for contempt under advisement and as to the motion for dismissal filed by the plaintiff it set a hearing for December 27, 1945, on which date the parties appeared and obtained a period of ten and five days, respectively, to file their briefs. During the prosecution of this incident and while its decision was pending, other monthly allowances became due without plaintiff making any deposits in court and defendant continued to file motions for contempt.

On February 19, 1946, the last motion for contempt was heard in the lower court without the appearance of the plaintiff because he had submitted the incident by telegram ''on the same evidence as that presented in the previous incident seeking the dismissal of the action'' in which hearing the defendant presented evidence and the court entered the following order:

''It appearing that plaintiff has failed to pay the monthly allowance of $90 corresponding to the months of November, December, and January, and;

''It appearing that no amount whatsoever has been deposited for attorney's fees for defendant;

''It appearing that on November 16, 1945 a motion was filed in this court to dismiss the action at the instance of the plaintiff;

''It appearing that plaintiff was summoned to appear today to show cause why he should not be found guilty of contempt for having failed to comply with his duty to pay defendant the allowances of said months; the court, being of the opinion that this action may not be dismissed at plaintiff's instance until he has paid all the pensions due and the fees of defendant's attorney, which the court fixes in the amount of TWO HUNDRED AND FIFTY DOLLARS ($250) as a reasonable amount for all the work done by defendant's attorney;

''The court orders that a copy of this order be served on plaintiff to appear personally on March 4, 1946, to prove to the court that he has paid all the allowances due on that day and $250 as attorney's fees, which pensions and fees the plaintiff is ordered to pay before;

the court dismisses the action, warning him that if he should fail to appear or if he appears without having paid the pensions and attorney's fees, the court, without further summoning or hearing him, shall decide the motion for contempt against plaintiff on that very day.''

To review this order we issued, on motion of the plaintiff in the lower court, the writ of certiorari herein.

■■ Petitioner alleges that, according to § 192 of the Code of Civil Procedure, he is entiled to a dismissal of his action for divorce ''freely and without any limitation whatsoever'' inasmuch as there is no counterclaim or cross-complaint pending and that the effects of the order of maintenance should likewise cease and that the court lacked authority to impose on him, as a condition to the dismissal, the payment of overdue allowances and the amount for attorney's fees.

All the cases decided by this and other courts invoked by the petitioner in his brief are based on the construction of § 192 of the Code of Civil Procedure [1] or like statutes. However, the present case was decided under Rule 41 of the Rules of Civil Procedure, which substituted in its effect § 192, *supra*. Subdivision (*a*) of the aforesaid rules provides as follows:

---

[1] This Section provides:

''An action may be dismissed or a judgment of nonsuit entered in the following cases:

''1.—By the plaintiff himself, at any time before trial, upon the payment of costs: *Provided*, a counter-claim has not been made or affirmative relief sought by the cross-complaint or answer of defendant. If a provisional remedy has been allowed, the undertaking must thereupon be delivered by the secretary to the defendant, who may have his action thereon.

''2.—By either party, upon the written consent of the other.

''3.—By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal.

''4.—By the court, when, upon the trial, and before the final submission of the case, the plaintiff abandons it.

''5.—By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case upon which to base a judgment. The dismissal mentioned in the first two subdivisions is made by an entry in the secretary's register. Judgment may thereupon be entered accordingly.''

"Rule 41.—Dismissal of Actions.

"(a) Voluntary Dismissal: Effect Thereof.

"(1) *By Plaintiff; By Stipulation.*—Subject to the provisions of Rule 23(c), an action may be dismissed by the plaintiff without order of the court (I) by filing a notice of dismissal at any time *before service of the answer* or (II) by filing a stipulation of dismissal signed by all the parties who have appeared generally in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, or insular court, any other action based on or including the same claim.

"(2) *By Order of Court.*—Except as provided in paragraph (1) of this subdivision, *an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.* If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." (Italics ours.)

Since defendant answered the complaint prior to the filing of the motion for dismissal, the case is governed by part (2), *supra,* which, as we have seen, provides that under these circumstances " . . . . an action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the court deems proper."

█ The construction given by the federal courts to this rule up to the present time is to the effect that it confers upon the court equitable power to impose upon plaintiff such conditions as it deems proper before permitting plaintiff to dismiss his suit; that such power, although judicial, is discretionary in its nature and that on appeal the review of exercise of judicial discretion is confined to determining whether the surrounding circumstances clearly show an abuse of discretion. *Home Owners' Loan Corporation* v.

*Huffman,* 134 F. (2d) 314 (C.C.A. 8th Cir., 1943); *Federal Savings & Loan Ins. Corp.* v. *Reeves,* 148 F. (2d) 731 (C.C.A. 8th Cir., 1945); *Baker* v. *Sisk et al.,* 1 F.R.D. 232 (D.C. Eastern Dist. Okla. 1938); *McCann* v. *Bentley Stores Corp.,* 34 F.Supp. 234 (D.C.W.D.Mo. 1940); *Welter* v. *E. I. Du Pont De Nemours & Co.,* 1 F.R.D. 551 (D.C. D. Minn., Sec. Div. 1941); *U. S.* v. *Lyman,* 125 F. (2d) 67 (C.C.A. 1st Cir., 1942).

In *McCann* v. *Bentley Stores Corp., supra,* the purpose of the new rule was construed thus:

"I consider that paragraph (2) of Rule 41(*a*) is one of the most valuable improvements over the old law accomplished by the new rules. Before the effective date of that rule it not infrequently happened (it was permissible under Missouri laws) that in a case either removed or originally brought here, which had come to issue, perhaps after disposition of preliminary motions, which had gone to trial, in the trial of which plaintiff had introduced all his testimony, for the trial of which defendant had called witnesses from great distances and incurred great expense, the plaintiff would dismiss, just at the moment the court was about to direct a verdict for defendant. The next day he might bring the same suit again. And the process might be repeated time after time. It was an outrageous imposition not only on the defendant but also on the court. Rule 41 has done much to put an end to that evil."

In *Home Owners' Loan Corp.* v. *Huffman, supra,* the judgment rendered in favor of plaintiff was reversed and costs imposed. Upon remanding the case plaintiff procured, *ex parte,* an order dismissing the suit. Defendant moved for a rehearing, under Rule 41, on the ground that such dismissal permitted plaintiff to bring another suit on the same cause of action. The motion was overruled and defendant appealed. After construing the purpose of the Rule, the Circuit Court decided that plaintiff's contention that defendant's right to the payment of costs by him is satisfied by the judgment for costs entered in favor of defendant, has no merit, since "a judgment is not equivalent to payment,"

and that "Upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject for consideration under the rule. The terms and conditions which the court may impose are for the protection of the rights of the defendant."

In *Federal Savings and Loan Ins. Corp.* v. *First Nat. Bank, Liberty, Mo.,* 4 F.R.S. 313 (D. C. West. Dist. Mo., 1945) it was said:

"It will be observed that the rule does not provide that the court is only authorized or can do no more than to require the payment of costs. If such had been the intent of the framers of the rule, such a provision could easily have been made. The rule empowers the court to exercise a discretion by fixing the terms and conditions wholly apart from the question of statutory costs."

In *Hannah* v. *Lowden,* 7 F.R.S. 635 (Dist. Ct. Okla., 1943), plaintiff was requested, as a condition to a dismissal of his action without prejudice, to pay defendant's costs, including attorney's fees and notarial service in taking a deposition which had been charged but not yet paid by defendant, and it was held, after citing several of the aforesaid cases, that:

"In view of the reasoning contained in the foregoing authorities, as well as the plain wording of Rule 41*a*, the court is of the opinion that the costs, as submitted by the defendant including $150 attorney's fee, and $10, notarial service taking deposition, should be taxed to the plaintiff, and the plaintiff is directed, as a condition to the dismissal of said case without prejudice, to pay the costs and expenses, as submitted. As provided in an order heretofore entered, plaintiff will be given thirty days from this date in which to pay said costs."

According to the above decisions it follows that the construction given by the federal courts to Rule 41 *a* is unanimous in so far as it confers ample discretion to the court as to the terms and conditions which it may impose upon plaintiff before he may dismiss his action without prejudice after defendant has filed his answer. The imposition and payment of costs and attorney's fees is the most usual con-

dition. The purpose of the rule in this limited aspect is to compensate defendant for the expenses which he has incurred for nothing, inasmuch as by dismissing without prejudice, the plaintiff may bring another action on the same facts—not disposed of in the first action—thereby forcing the defendant to incur new expenses and disbursement in order to defend himself in the second action.

■■ In the case at bar, consequently, we have no doubt that the lower court had power to impose on plaintiff the payment of attorney's fees for defendant as a condition to the dismissal of his action. It can not be maintained that the court abused its discretion in so doing if we also take into consideration the fact that, although the court ordered the plaintiff since February 27, 1945, to deposit the amount of $100 as an advance payment of attorney's fees in favor of the defendant, which would be properly liquidated by the court, the plaintiff at no time complied with said order.

Now, besides the payment of attorney's fees, the lower court required plaintiff as a condition to the dismissal, to pay to the defendant the allowances which had become due. Petitioner contends that on November 20, 1945, when he filed his motion for dismissal, he did not owe the defendant any pension under the theory that from that date the case had terminated under § 192 of the Code of Civil Procedure which provided that "The dismissal . . . . is made by an entry in the secretary's register," and, consequently, "judgment may thereupon be entered accordingly."

Petitioner is wrong. We have already stated that the case is governed by Rule 41(a)˙ of the new rules and not by § 192, *supra,* and hence that the case does not come to an end until the terms and conditions imposed by the court as a condition to the dismissal without prejudice are fulfilled by the plaintiff and the proper judgment is rendered.[2]

---

[2] Even if it were governed by § 192 of the Code of Civil Procedure, we have held that even where an order is entered permitting plaintiff to abandon his action with costs, such an order is not final or puts an end to the matter

Five days after the filing of the motion for dismissal, that is, on November 25, another monthly allowance became due, and thus successively on the 25th of the month of December, 1945, January and February, 1946, and each month the defendant filed lengthy motions for contempt. It was to these four allowances that the lower court referred in its order of February 19, 1946, and required plaintiff to pay them as a condition to the dismissal of his action.

The record does not reveal the reason why the lower court did not decide the motion for dismissal before February 19, 1946. But it does show that at a hearing on December 27, the plaintiff obtained a term of ten days to file a brief and that defendant was granted a term of five days, which shows that the motion was submitted by the middle of January. It is our opinion that the delay of the lower court in deciding the motion does not constitute a procedural error which may be reviewed by certiorari. Under our construction of Rule 41(a) it can not be maintained either, as does petitioner, that the lower court acted without jurisdiction, or that it erred in imposing on plaintiff the payment of the overdue pensions and attorney's fees for the defendant,[3] as a condition to the dismissal. Neither is it our opinion that the court exceeded or abused its discretion in imposing said conditions, specially if we take into consideration that plaintiff himself admitted, at a hearing held on November 30, that, although the dismissal of his action did not relieve him from

until a judgment is entered. *Hernández* v. *Blanco et al.*, 17 P.R.R. 546. In *Montilla* v. *District Court*, 61 P.R.R. 377, we held copying from the syllabus, that:

"Where the plaintiff files a motion abandoning a divorce suit before the corresponding judgment is entered, the court retains jurisdiction to render decision of a motion for the provisional custody of the children had by the marriage."

[3] Even under statutes similar to § 192 of the Code of Civil Procedure it has been held that the court may impose, as a condition to the dismissal sought by plaintiff, the payment of overdue pensions and attorney's fees plus the costs. See cases cited in the annotation of 138 A. L. R. 1100, specially on pp. 1110 *et seq.*

his obligation to maintain his wife, it nevertheless compelled her to begin another action for the recovery of alimony, and also the fact that defendant testified at the hearing on February 19, that the plaintiff lived in concubinage with another woman in Mayagüez.

As to the latter part of the order appealed from where it is set forth that if plaintiff does not pay the overdue allowances and attorney's fees prior to March 4, 1946, "the court, without further summoning or hearing him, shall decide the motion for contempt against plaintiff on that very day," we believe that, although the court was justified in acting thus, because of plaintiff's failure to appear at the hearing of contempt set for February 19, the present situation of the case, due to the prosecution of this writ, has left without effect said provision. Any further action of the lower court should be carried out after giving plaintiff an opportunity to be heard.

The petition is denied and the writ issued annulled.