OIL & GAS VENTURES, INC., a Delaware corporation, as sole General Partner in behalf of Oil & Gas Ventures-First 1958 Fund, Ltd., a New Jersey limited partnership, Oil & Gas Ventures, Inc., a Delaware corporation, as sole General Partner in behalf of Oil & Gas Ventures-Second 1958 Fund, Ltd., a New Jersey limited partnership, and Oil & Gas Ventures, Inc., a Delaware corporation as sole General Partner in behalf of Oil & Gas Ventures-First 1959 Fund, Ltd., a New Jersey limited partnership,
Plaintiffs,

*vs.*

CHEYENNE OIL CORPORATION, FORWARD ENTERPRISES, INC., WESTLAND OIL DEVELOPMENT CORPORATION, LOUIS KUNG, ARTHUR B. ROTHWELL, C. F. CHIEN, and T. P. WANG,
Defendants.

*New Castle, April 16, 1964.*

*Louis J. Finger* of Richards, Layton & Finger, Wilmington and *Arthur B. Kramer*, of Feldman, Kramer, Bam, Nessen & Cowett, New York City, for plaintiffs.

*Daniel L. Herrmann,* of Herrmann, Bayard, Brill & Russell, Wilmington, for defendants Cheyenne Oil Corporation, Forward Enterprises, Inc., Westland Oil Development Corporation and Arthur B. Rothwell.

MARVEL, Vice Chancellor. In its capacity as sole general partner of each of the three plaintiff limited partnerships, namely First 1958 Fund, Ltd., Second 1958 Fund, Ltd., and First 1959 Fund Ltd. Oil and Gas Ventures Inc., filed its original complaint on behalf of such partnerships on December 7, 1962. However, an amended complaint, which is the pleading under attack in the appearing defendants' pending motion for summary judgment, was not filed until May 13, 1963.

Oil and Gas Ventures, Inc. was incorporated in September, 1957 following which the limited partnerships on whose behalf relief is here sought were organized in New Jersey for the purpose of prospecting for and exploiting oil and gas deposits. The amended complaint filed herein alleges a conspiracy to defraud and seeks an accounting and damages from defendants as well as rescission of certain contracts entered into between one or more of the plaintiff partnerships and the defendant Cheyenne Oil Corporation.

The appearing defendants have moved for summary judgment of dismissal of the complaint of the First 1958 Fund as well as that of the Second 1958 Fund on the grounds that such limited partnerships are no longer in existence, their terms having expired at the end of the fixed period for which they were organized, such period having run out without extension on December 31, 1962.[1] Defendants point out that the New Jersey law on the subject, as does the general law of partnership, provides that a limited partnership, as opposed to a general partnership, not only must file a certificate in the county clerk's office setting forth inter alia the agreed term of its existence but must also disclose the extent of contribution of the several limited partners.

---

1. The First 1958 Fund and Second 1958 Fund limited partnership agreements as amended provided *inter alia:*

"Article XI. Duration and Termination of Partnership.

"A. The partnership shall commence as of the 1st day of October, 1957, and shall continue until December 31, 1962, unless sooner terminated·as provided herein."

Defendants therefore contend that because the terms of such limited partnerships and the respective contributions of the limited partners were matters of record, those dealing with such partnerships were on notice that on the running out of their agreed terms such partnerships would cease to exist and so can not assert claims against or be held liable to such former partnerships.

It is further contended in such motion that the complaint of the First 1959 Fund must also be dismissed because such plaintiff did not file required certificates concerning its organization in two of the states in which acts in furtherance of the wrongful acts herein charged were allegedly carried on, namely Texas and Arkansas.

On the basis of their contention that the existence of the first two plaintiffs expired on December 7, 1962,[2] the moving defendants argue that on that date the general partner's authority as an agent was terminated and that such corporation thereupon became powerless to act for the plaintiff partnerships. Defendants accordingly urge that the complaints of the 1958 Funds must be dismissed as a matter of law.

While the Uniform Partnership Law of New Jersey contains express provisions governing the winding up of general partnerships, the New Jersey Uniform Limited Partnership Law admittedly contains no specific language on how the affairs of the latter type of partnership should be wound up, and defendants find significance in the fact that provisions found in an earlier law concerning winding up were omitted when the present New Jersey Limited Partnership Law was enacted in 1919. Defendants also point out that the New Jersey Limited Partnership Law (*N.J.S.A.* 42:2–27) contains a schedule establishing priorities in the distribution of assets after dissolution, arguing that such provisions dispense with the need for a general winding up of such a partnership. They further contend that because both the Partnership Law and Limited Partnership Law were

2. Because of the rulings hereinafter made as to the powers of a general partner to wind up the affairs of a limited partnership, it will be unnecessary to consider defendants' supplementary contention that the amended complaint filed herein on May 15, 1963 did not relate back so that the terms of both 1958 Funds had expired before the complaint relied on was filed.

enacted on the same day that the New Jersey legislature must have intended to exclude express winding up provisions from the latter law.

Plaintiffs, on the other hand, take the position that general partnership principles governing winding up do apply here not only as a matter of logic and common sense but because section 5 of the New Jersey Limited Partnership Law (*N.J.S.A.* 42:2–5) provides inter alia that "* * * [a] limited partnership is a partnership formed by two or more persons * * *" and section 6 of the Partnership Law (*N.J.S.A.* 42:1–6(2)) states: "* * * this chapter shall apply to limited partnerships except in so far as the statutes relating to such partnerships are inconsistent herewith." Furthermore, the statutory schedule for the distribution of assets of a limited partnership makes no provision for the filing of claims against third persons.

■ ■ Sections of the New Jersey Uniform Partnership Law pertaining to the dissolution and winding up of a general partnership clearly provide that such a legal entity may be dissolved as a result of the expiration of a fixed term or upon completion of the particular undertaking specified in the agreement (*N.J.S.A.* 42:1–31). However, such statute (*N.J.S.A.* 42:1–35) also provides for the binding of a partnership by a partner after dissolution by "* * * any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution * * *". Other sections of the statute point up the distinction between formal dissolution and winding up of a general partnership in conformity with the accepted principle that dissolution does not terminate such a partnership, such entity necessarily continuing until its affairs are settled. Thus, it is established that the winding up of the affairs of a general partnership involves the settling of partnership obligations, including the satisfaction of partnership affairs by litigation, if necessary, *Scaglione v. St. Paul-Mercury Indemnity Co.*, 28 *N.J.* 88, 145 *A.2d* 297, and *N.J.S.A.* 42:1–37.

■ In short, upon the dissolution of a general partnership the rights of the partners vis-à-vis third persons are not affected, the general rules as to the rights of such partners as parties to actions applying after dissolution as well as before. *Rowley, Law of Partner-*

*ship* (*2d ed.* 1960) § 49.20, *p.* 344, and I am satisfied that while limited to actions by and against the general partner, the principle of winding up must necessarily apply as well to limited partnerships. Furthermore, such principle would appear to be recognized in the New Jersey statute. Thus, it would appear that in the case of a limited partnership only a general partner is a proper party to a proceeding on behalf of or against such a partnership unless the purpose of the suit is to enforce a limited partner's right against or liability to the partnership, *N.J.S.A.* 42:2–30. Moreover, were this not so Section 13 [3] of the New Jersey Limited Partnership Law and Section 37 [4] of the New Jersey Partnership Law support the right of Oil and Gas Ventures, Inc. to wind up the partnership affairs here involved as sole general partner.

While the moving defendants concede that the action here pending on behalf of First 1958 Fund and Second 1958 Fund is purportedly in furtherance of the winding up of such limited partnerships, they deny that such entity has the right to maintain such an action, although it is apparent on the present record that the wrongs complained of occurred, if at all, prior to the dissolution of such partnerships. However, no cogent reason has been advanced why the laws governing general partnerships do not apply in a winding up such as this, there being an obvious distinction between a statutory schedule for the distribution of assets at the end of the term of a limited partnership and the winding up of the general affairs of such an entity. In other words, I am satisfied that Oil and Gas Ventures, Inc., the general partner in dissolution, has the authority to maintain the present action on behalf of the first two plaintiffs. Finally, defendants' reliance on principles of necessary and indispensable parties are no more applicable to the winding up of the affairs of a partnership than they would be to the dissolution and winding up of the affairs of a corporation. In fact, *N.J.S.A.* 42:2–30 expressly provides:

> "A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the

3. *N.J.S.A.* 42:2-13.

4. *N.J.S.A.* 42:1-37.

object is to enforce a limited partner's right against or liability to the partnership."

Defendants' motion for summary judgment of dismissal as to these two partnerships must therefore be denied.

Defendants have also moved for summary judgment of dismissal of the complaint of First 1959 Fund, the third limited partnership here involved, on the ground that such limited partnership failed to qualify to carry on business in Texas and Arkansas, states in which wrongful acts were allegedly committed by defendants. It is therefore contended that the wrongs complained of cannot be said to have been committed in such states against such limited partnership.

There is no doubt but that First 1959 Fund in the course of its operations acquired oil and gas properties in the states of Texas and Arkansas and that it there engaged in exploration and development work in connection with such properties. It is also conceded by Oil and Gas Ventures, Inc. that there was a failure to file the certificates required by the partnership laws then in force in such states and that consequently First 1959 Fund never qualified as a limited partnership in either state. It does not follow, however, that no actionable wrongs were there committed against the New Jersey limited partnership here involved. Regardless of the admitted failure of First 1959 Fund to register in Texas and Arkansas and to be recognized as qualified to maintain a suit in the courts of such states, the fact is that the wrongs, if proved, were committed against an entity duly organized and operating under the laws of New Jersey. Defendants point to no authority which suggests that failure to file the required certificates would have any effect other than to bar plaintiff from the courts of Texas and Arkansas. Defendants' motion for summary judgment as to the complaint of First 1959 Fund will also be denied.

On notice, an appropriate order may be presented.