OIL & GAS VENTURES, INC., a Delaware corporation, as sole General Partner in behalf of Oil & Gas Ventures—FIRST 1958 FUND, LTD.. a New Jersey limited partnership, Oil & Gas Ventures, Inc., a Delaware corporation, as sole General Partner in behalf of Oil & Gas Ventures—SECOND 1958 FUND, LTD., a New Jersey limited partnership, and Oil & Gas Ventures, Inc., a Delaware corporation as sole General Partner in behalf of Oil & Gas Ventures—FIRST 1959 FUND, LTD., a New Jersey limited partnership,

Plaintiffs,

*vs.*

CHEYENNE OIL CORPORATION, FORWARD ENTERPRISES, INC., WESTLAND OIL DEVELOPMENT CORPORATION, LOUIS KUNG, ARTHUR B. ROTHWELL, C. F. CHIEN, and T. P. WANG,
Defendants and Third-Party Plaintiffs,

*vs.*

CLINTON DAVIDSON, RAYMOND E. HARTZ and OIL & GAS VENTURES, INC.,
Third-Party Defendants.

*New Castle, July 22, 1966.*

*Louis J. Finger,* of Richards, Layton & Finger, of Wilmington, and *Arthur B. Kramer,* of Feldman, Kramer, Bam, Nessen & Cowett, New York City, for plaintiffs.

*Howard M. Handelman,* of Bayard, Brill, Russell & Handelman, Wilmington, for defendants Cheyenne Oil Corporation, Forward Enterprises, Inc., Westland Oil Development Corporation, Arthur B. Rothwell, Louis Kung, and Charles F. Chien.

MARVEL, Vice Chancellor: The background of this accounting action may be found in several reported opinions[1] of this Court and of the Supreme Court of Delaware and will not be restated here. In the latest opinion[2] handed down in this case, which was filed on June 3, 1966, it was decided by this Court that leave would be granted plaintiffs to dismiss without prejudice the claims made against the defendants Louis Kung and Charles F. Chien provided such proposed dismissals would not operate unfairly against such defendants. The Court found no such unfairness to have been demonstrated.

Although the non-resident defendants Kung and Chien were named defendants in the complaint filed here on December 7, 1962, and an attempt to compel their appearance was promptly made under the provisions of Title 10 *Del.C.* § 366, they failed to respond to an order of sequestration entered on December 12, 1962. In fact, they did not purport to make general appearances in this case until February 15, 1966. In its June 3 opinion the Court decided that in view of the failure of the defendants Kung and Chien to appear in this action when directed, that such belated appearances were nugatory. The Court also pointed out that this Delaware action, insofar as such

---

1. See 41 *Del.Ch.* 596, 202 *A.2d* 282, aff'd (*Sup.Ct.Del.*), 204 *A.2d* 743, and (*Del.Ch.*), 220 *A.2d* 785.

2. (*Del.Ch.*), 220 *A.2d* 785.

defendants are concerned, is in its infancy and that preparation for trial in a companion case in New York would be no more burdensome for them than in this jurisdiction. Accordingly, it was held that such dismissals would be granted. Notwithstanding such ruling, the defendants Kung and Chien now ask that such proposed dismissals be conditioned on the payment by plaintiffs of what such defendants claim is a fair share of the legal fees and expenses incurred by them by reason of their alleged participation in this litigation. They contend that outright dismissal of this action as to them would otherwise not be on fair and proper terms in view of the fact that they will be required to incur additional legal expenses in New York where they have been served in companion litigation involving basically the same charges made against them in this proceeding.

The theory behind the allowance of expenses and counsel fees to a defendant in a situation where a plaintiff seeks to dismiss without prejudice in one jurisdiction with the intention of pursuing companion litigation elsewhere is that a defendant is entitled to be protected from being forced unnecessarily to incur two sets of costs and in some instances two sets of attorney's fees. In other words, when a defendant has incurred expense in one jurisdiction in preparation for a trial or other disposal of the claims made against him, it has been considered inequitable to require such expenses to be duplicated in another jurisdiction in the course of defending against the same charges, without making the defendant whole as to his outlays of money in the jurisdiction where a dismissal without prejudice is sought, 5 *Moore's Federal Practice,* par. 41.06 p. 1081. See *Lunn v. United Aircraft Corp. (Dist.Ct.Del.),* 26 *F.R.D.* 12. Significantly, Rule 41(*b*) and (*d*) of this Court, *Del.C.Ann.* and the corresponding sections of the federal rule are identical. The defendants here take the position that the above principle should be applied to them because, according to their views, they have for several years been engaged in seeking a judgment in this Court which, should their efforts ultimately prove successful, would result in dissolution of the order of sequestration which seized their stock in December, 1962, and bring about an ultimate clearing of their names of the charges of fraud set forth in the complaint.

First of all, in the case at bar we are not concerned with the filing of a second suit in another jurisdiction against the defendants

here involved after an earlier one has advanced to the trial stage. I say this because the defendants Kung and Chien were in fact served in a federal action in New York before they purportedly sought to appear in this jurisdiction. Actually, their only direct activity in this case following their general appearances has been an unsuccessful effort to resist plaintiffs' motions; (a) to strike such defendants' unauthorized answers; (b) to have a monetary default judgment entered against them for their failure to appear as ordered, or (c), in the alternative, to have such defendants dismissed as parties. Defendants' appearances in Delaware were made by their filing on February 15, 1966, without leave of Court, of answers to the complaint some three years after the expiration of the time fixed for their appearances by the Court's order of sequestration. It is the law of this case that such defendants' failure to appear as ordered was inexcusable and that their purported answers must be stricken and the claims against them dismissed. The question remains as to whether or not such dismissals should be conditioned as requested.

■ The defendants Kung and Chien contend that they in effect did "appear" in this Court at the inception of this litigation by allegedly taking part in the defense of certain appearing corporate defendants in which they held substantial interests. However, there is no middle way whereby a named defendant may participate in a Delaware Chancery case short of a general or special appearance, *Sands v. Lefcourt Realty Corp.*, 35 *Del.Ch.* 340, 117 *A.2d* 365. In short, the individual defendants who here seek counsel fees and expenses have no standing, in my opinion, to rely on the equitable principle cited by Professor Moore above because of their deliberate election not to make general appearances. The fact that they hold an interest in stock of certain corporate defendants which have appeared and participated actively in this litigation is beside the point. The plain fact is that they did not appear personally in this case until February, 1966, after they had been served in the New York litigation referred to above.

■ Assuming the equitable principle relied on has application in the case at bar, I am satisfied that under the circumstances here disclosed defendants are not eligible to apply for reimbursement of legal expenses allegedly incurred in the present action before their

purported appearances were made. I am also satisfied that they have no right to apply for reimbursement of expenses allegedly incurred by them following their belated and unauthorized appearances on February 15, 1966, after they had been served in New York. Having avoided this jurisdiction for three years, such defendants cannot, in my opinion, properly ask to be reimbursed for expenses incurred in this case at a time when they were in default, having failed to comply with the terms of this Court's order of December 12, 1962. See Rules 41(*b*) and 6(*b*). Finally, cases such as *Maurer v. International Re-Insurance Corporation, 33 Del.Ch. 456, 95 A.2d 827, Wilmington Trust Company v. Coulter, — Del.Ch. —, 208 A.2d 677,* aff'd (*Del.Sup.Ct.*) *213 A.2d 447,* and *Hutchison v. Fish Engineering Corp., 213 A.2d 447,* which deal with certain exceptions to the general rule that a litigant must normally pay his own expenses of litigation, including counsel fees, are of no aid to the present defendants.

On notice, an order may be submitted denying the application of the defendants Kung and Chien that dismissal without prejudice of this action as to them be conditioned on the payment of counsel fees and expenses allegedly incurred by them in this action.